EDWARDS ET UX. *vs.* SHERIDAN.

The recent statutes of this state, relating to the estates of married women, have not changed the common law rule of declaring upon *choses in action*, accruing to the wife during coverture.

In an action, by husband and wife, upon a *chose in action*, accruing to her during coverture, her interest in the suit must be explicitly stated in the declaration.

Where, in an action, brought in the names of the husband and wife, upon a promissory note given, and made payable to her, during coverture, the plaintiffs obtained a verdict; it was held, that it was sufficient ground of arrest of judgment, that it did not appear, from the declaration, that the wife had such an interest in the note, as entitled her to unite with her husband in such action.

THIS was an action upon a promissory note, payable to Maria Edwards, the wife of the plaintiff, Lewis B. Edwards, and given to her while a married woman.

The suit was brought in the joint names of the husband and wife, to the county court for New Haven county, where the plaintiffs obtained a verdict. The defendant then moved in arrest of judgment, and his motion was sustained by that court. The plaintiffs thereupon, by motion in error, removed the case to the superior court, where it was reserved for the advice of this court.

*Baldwin* and *Webster*, in support of the motion.

1. When the right of action would survive to the wife, the husband can not sue alone, but must join with the wife. Gould on Plead., chap. 4, § 55. Reeve's Dom. Rel., 126. 10 Pick., 463. 1 Chit. Pl., 35.

2. The wife may join her husband in a suit, where she has a beneficial interest, or is the meritorious cause of action. 1 Chit. Pl., 33. 21 Conn. R., 573. 21 Wend., 202.

3. A married woman, under certain circumstances, may have separate estate, over which the husband has no control, and which survives to her. Stat., 377. *Fuller and Wife* v. *N. R. R. Co.*, 21 Conn. R., 573.

4. This declaration sufficiently discloses the wife's interest, to justify the use of her name as co-plaintiff; the promise is made to her, and the consideration will be presumed to move from her. 21 Conn. R., 573. 1 Chit. Pl., 34, 713.

5. The court is bound, after verdict, to presume the facts to have been proved, to constitute a right of recovery in the wife. 1 Chit. Pl., 712, 713. 1 Steph. Nisi Prius, 743, 744. 21 Conn. R., 593. Gould's Plead., ch. 10, § 12, 13. 6 Eng. Law & Eq. R., 7. 22 E. C. L. R., 498, 500. 6 Cush., 23. 6 M. & N., 423.

*N. J. & T. S. Buel*, against the motion.

I. It has been settled, as the common law of Connecticut,

by a long course of judicial decisions, that a *chose in action*, accruing to the wife during coverture, vests absolutely in the husband, and does not survive to the wife. *Griswold* v. *Penniman*, 2 Conn. R., 564. *Cornwall* v. *Hoyt*, 7 Conn. R., 420. *Whittlesey* v. *McMahon*, 10 Conn. R., 137. *Morgan* v. *Thames Bank*, 14 Conn. R., 99. *Ecc. Soc. Middletown* v. *Mather*, 15 Conn. R., 587. *Hawley* v. *Burgess*, 22 Conn. R., 284.

II. A note, payable to a married woman during coverture, is payable to the husband, and can be sued on only in his name, or that of his representatives. *Cornwall* v. *Hoyt*, 7 Conn. R., 420. *Ecc. Soc. Middletown* v. *Mather*, 15 Conn. R., 587. 1 Sw. Dig.

III. The statute laws of this state, securing to married women their property, have not changed or altered the law, as to the proper plaintiff in an action at law, on a note made payable to a married woman during coverture. They have only varied the common law so far as this; that a *chose in action*, accruing to the wife during coverture, instead of vesting in the husband absolutely, vests in him as trustee during his life, for the use of the wife, and at his death, vests in the wife, or her representatives. Rev. Stat., 376, 377. 1. The object of these several statutes was two-fold. To protect the wife's property from being taken for the husband's debts; and that upon his death, it shall vest in the wife, or her representatives, instead of the representatives of the husband. 2. In doing this, the legislature have carefully guarded against interfering with the legal rights of the husband, as to the care, use and control of the property of the wife, and have vested in him, as trustee, during his life, for the use of the wife, the entire legal title and interest of her personal property. 3. Upon the death of the husband, the wife does not become invested with the title to her personal property, or *choses in action*, by survivorship, but by virtue of the express provisions of the statute.

IV. The husband being the trustee of the wife's personal

property, and of the note in suit, and having the sole legal interest in it as such trustee, the suit upon it must be in the name of the husband, and the wife can not join. 1 Sw. Dig., 618. 14 Conn. R., 445. 1 Chit. Pl., 2, 3.

V. The act of 1850, ch. 33, does not give to the wife, during coverture, the legal title to property, acquired by her, during an abandonment of her husband, &c., but only the sole and separate use; and this is evident, from the provision in the same act, that after the termination of the coverture, it shall belong to her as a *femme sole.*

VI. No intendment that the court can make will cure the misjoinder of plaintiffs. The wife could in no event join, without allegations showing her title, and right to join. There being no such allegations, evidence to prove the same would not have been admissible. This is not a case of defective statement, but of no statement at all. It is a misjoinder of plaintiffs, that can not be helped out by intendment. 1 Sw. Dig., 805.

WAITE, C. J. By a uniform course of judicial decisions, for nearly forty years past, it has become the established common law in this state, that *choses in action,* accruing to the wife, during the coverture, vest absolutely in the husband, and do not, upon his decease, survive to her. Consequently suits, for the recovery of the moneys due upon them, must be brought in his name, and not in their joint names. And even if it be shown that a promissory note was given to a wife, upon the sale of her land, the note and the avails of it, aside from the provisions of any statute, vest absolutely in the husband, without any reference to the circumstances connected with the consideration.

This doctrine has been so often recognized and repeated by our courts, that a review of the decisions becomes unnecessary. It is enough merely to refer to them. *Griswold* v. *Penniman,* 2 Conn. R., 564. *Cornwall* v. *Hoyt,* 7 Conn. R., 420. *Whittlesey* v. *McMahon,* 10 Conn. R., 137. *Morgan*

v. *Thames Bank*, 14 Conn. R., 99. *Ecc. Soc. Middletown* v. *Mather*, 15 Conn. R., 587. *Hawley* v. *Burgess*, 22 Conn. R. 284.

It is said that the rule of our common law, upon this subject, has been varied by several recent statutes; that one provides that all personal property accruing, during coverture, to any married man, in right of his wife, by virtue of a bequest or distribution, and all property derived from the sale, or re-investment thereof, shall vest in him, in trust for the use of the wife, and upon his decease will survive to her or her legal representatives. Stat., 1849. In another, it is provided, that, in every case when the real estate of a married woman is sold, and the price, or avails, invested in her name, the same shall, in equity, be deemed to belong to her. Stat., 1850.

Hence it is claimed, that, as these statutory provisions, and others of a similar character, have made such material alterations in our system, the whole ought to be considered as changed, and in conformity with the principles established by those statutes. But we can not yield our assent to this claim.

So far as changes in our law have been made by the legislature, their acts must govern. If further alterations are necessary, it is for the legislature, and not for the courts, to make them. In the former case, the alterations will be prospective in their operation, and not, as in the latter case, breaking up titles, that have been considered as vested under existing laws.

As the case under consideration falls clearly within the general rule, as established in this state, and not within any of the provisions created by statute, the rule must govern.

Finally, it is said, that under a motion in arrest, the court ought to presume that the note in question was given for property of the wife, which, by statute, she was entitled to hold as her own, and that consequently the right of action upon it would survive to her, and therefore she may unite

with her husband, in a suit to recover the money due upon it.

If the fact were so, that she had such an interest in the note, as entitled her to unite with her husband, in a suit upon it, that fact ought to be made to appear upon the face of the declaration. The mere circumstance, that the note was made payable to her, in our opinion, is not sufficient for that purpose. It might, or it might not, have been given for her property, depending upon other facts not stated in the declaration.

The alterations, made by the statutes, constitute exceptions to the general rule, founded upon particular circumstances. To relieve the case, therefore, from the operation of the general rule, the declaration ought to contain such allegations, as will show that the case is brought within one of those exceptions. That not having been done, we are of opinion that the county court was justified in arresting judgment, and we so advise the superior court.

In this opinion, the other judges, STORRS, and HINMAN, concurred.

Judgment affirmed.