## McKUNE v. McGARVEY AND McKEON.

In an action against a married woman, alleged to be a sole trader under the Act of April, 1852, on a contract executed by her as such, it is improper to join her husband with her as defendant; and a complaint so drawn is demurrable.

The effect of the statute is to make such married woman a *feme sole* as to the particular business in which she is engaged.

APPEAL from the District Court of the Sixth Judicial District.

This was an action against the defendants, Catherine McGarvey and Margaret McKeon on a note alleged to have been made by them jointly, as sole traders, under the Act of 1852, and also to foreclose a mortgage made by them in the same capacity, to secure the note. The complaint joins the husbands of the above-named defendants as parties defendant.

The defendants demurred to the complaint for a defect of parties, and specified the joinder of the two husbands as defendants, as ground of demurrer.

The Court below overruled the demurrer, and the defendants failing to answer, judgment and decree of foreclosure was entered against them by default. Defendants appealed.

*Smith and Hardy* for Appellants.

*John H. McKune*, Respondent, in person.

The statute of California concerning sole traders, is silent concerning the form of remedy in favor of or against such persons. That Act goes to the rights which may be enforced, leaving the manner of their enforcement to the statute concerning proceedings in civil cases. Section seven of this last-mentioned Act, provides that " when a married woman is a party to a suit, her husband shall be joined with her ; except, first, that when the action concerns her separate property, she may sue alone ; second, when the action is between herself and husband, she may sue or be sued alone." The first part of that section is mandatory. When

a married woman is a party, (plaintiff or defendant,) the husband shall be joined.

Now, it is evident that unless this case falls within the exceptions, the husband is not improperly joined. The first subdivision only provides that a *feme sole* may sue alone (not be sued.) In this case, if we had sued the wife without joining the husband, we should have been as clearly wrong as we are right, as we have proceeded. This would be perfectly evident from a reading of the first subdivision alone, but when we compare it with the language of the second subdivision, the correctness of our position is still more apparent. As between herself and husband, she may sue or be sued alone, making a clear distinction between suing and being sued.

The reason of this distinction is as clear as the law itself. When a woman elects to come into Court, she may sue alone ; but when she is forced into Court, she shall come in, leaning upon her husband. The law has wisely provided this distinction, and the Legislature must have intended to provide for just such a case as this.

The view of this case, taken above, is sustained by a decision in the case of Howland *v.* Fort Edward Paper Mill Co., in the Supreme Court of New York, 8 Howard's Practice Rep., 505, 512. This decision was made upon a statute worded like our own, and is apparently conclusive upon the point.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Justice HEYDENFELDT concurred.

There was in this case an improper joinder of parties defendant.

The defendants, Catherine McGarvey and Margaret McKeon are alleged to be sole traders under the Act of April, 1852. That Act provides that a married woman, taking advantage of its provisions, shall be the exclusive owner of all the money, debts, and property, invested in the business in which she is engaged, and shall be allowed all the privileges and be *liable to all the legal processes* now or hereafter provided by law against debtors and creditors, and that her husband shall not be responsible for any debts contracted by her.

The effect of the statute was to make such married woman a *feme sole* as to the particular business or profession in which she was engaged.

Judgment reversed and cause remanded.