## MELCHER *v.* KUHLAND.

A COMPLAINT, in an action to recover a debt from a married woman, which charges that, she is a sole trader under the statute is sufficient, without any averment of facts showing that the debt was contracted in the particular business which she had declared her intention to carry on.

The fact that a married woman is a sole trader and contracts a debt, raises the presumption that the debt is contracted on account of her business as a sole trader.

APPEAL from the Fifth Judicial District.

The facts are stated in the opinion.

*H. P. Barber*, for Appellant.

In order to show a cause of action against a sole trader under

Melcher *v.* Kuhland.

our statute, the complaint must show that the indebtedness was contracted by her on account of the business which she carries on as a sole trader, and unless this is shown the record discloses no cause of action.   A party relying on a statute must show a cause of action within its provisions.   (*Dye* v. *Dye*, 11 Cal. 163; *Green* v. *Palmer*, 15 Id. 411, 415; 1 Chitty's Pl. 372, note 4; Id. 383; 3 Stew., Ala. 100; 1 Id. 51; 5 Metcalf, 298; 17 Cal. 119; 6 Ired. 352; 8 Foster, N. H. 520.)   In *McKune* v. *McGarvey* (6 Cal. 497) this Court decided that " the effect of the statute was to make such married woman a *femme sole* as to the particular business or profession in which she was engaged."

*L. Quint,* for Respondent.

The effect of the statute as to sole traders is to make every married woman who avails herself of its provisions a *femme sole* with respect to all persons with whom she deals.   She is not limited to any particular trade or occupation.   (*Guttman* v. *Scannell,* 7 Cal. 458; *McKune* v. *McGarvey,* 6 Id. 498.)

A married woman a sole trader must sue and be sued in her own name, and all debts contracted by her while acting under the statute and availing herself of its provisions, are *prima facie* evidence of a legal debt that may be enforced by suit in the same manner and upon the same averments as respects the debt as against any other debtor.   The case of *McKune* v. *McGarvey,* before cited, we insist fully sustains us in this view.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action upon two promissory notes executed by three persons, one of whom is averred to be a married woman, and another to be her husband.   The wife is averred to be a sole trader under the statute authorizing married women to transact business in their own names, passed April 12th, 1852.   She demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against her, and that it was uncertain and insufficient in not setting forth how she became a sole trader. The Court overruled the demurrer, the defendants filed a joint

answer, the case was tried by a jury, who rendered a verdict for the plaintiff, and judgment was entered accordingly, from which the defendants appeal.

The only point assigned as error is the overruling of the demurrer, the appellant contending that the complaint should have averred the facts, showing that the debt was contracted by her on account of the trade or business specified in her declaration of intention to act as sole trader.   We do not think such an averment necessary. The first section of the Sole Trader Act authorizes married women, who have complied with the regulations prescribed by the act, " to carry on and transact business *under their own name.*"   Sec. 3 provides that " said married women shall be allowed all the privileges and be liable to all the legal processes now or hereafter provided by law against debtors and creditors."   The fact that she is a sole trader, and that she executed the note, is sufficient to raise the presumption, if any presumption is necessary, that the debt was contracted on account of her business as a sole trader.

The judgment is affirmed.