## CHARLES CAMDEN *v.* MARGARET MULLEN AND LAWRENCE MULLEN.

A PROMISSORY NOTE AND MORTGAGE OF SOLE TRADER.—A married woman who became a sole trader under the Act of 1852, for the purpose of keeping a public house and farming, could lawfully execute and deliver in her own name a valid promissory note for the purchase money of land conveyed to her for use in said business, and could also execute, in her own name, a valid mortgage on the same to secure the purchase money.

PURCHASE OF PROPERTY BY SOLE TRADER.—The question whether property purchased by a sole trader was bought for use in her business as sole trader, is one of fact.

DENIAL IN ANSWER.—An averment in a complaint that the defendant, since November, 1858, "has continued to possess and occupy said land and premises, and use the same in her said sole trader business," is not denied by a denial in the answer that defendant "has continued, since the 9th day of November, 1858, to occupy or use the said premises in her business as such sole trader."

APPEAL from the District Court, Ninth Judicial District, Shasta County.

Margaret Mullen, in 1858, was a sole trader, and purchased from plaintiff a tract of land to work as such sole trader. For a part of the purchase money, she and her husband, Lawrence Mullen, executed to plaintiff their joint promissory notes, and jointly executed a mortgage on the land to secure the notes. This action was brought against both husband and wife, to obtain a joint judgment on the notes, and to foreclose the mortgage. Lawrence Mullen suffered a default. His wife answered. The Court rendered a judgment foreclosing the mortgage, and directing an application of the proceeds of sale on the amount due and costs; and further directing, that if the same were insufficient, the defendants pay to the plaintiff the amount of the deficiency. Margaret Mullen appealed.

*George Cadwalader*, and *Warner Earll*, for Appellant.

*R. T. Sprague*, for Respondent.


By the Court, RHODES, J.

The only question requiring consideration is whether a married woman, who had availed herself of the provision of the Act of 1852, to authorize married women to transact business in their own names as sole traders, and had declared her intention to conduct and carry on the business of keeping a public hotel or eating house, and of carrying on a general farming and ranching business, in her own name and on her own account, could, while that statute remained in force, execute in her own name a valid promissory note for a part of the purchase money for a tract of land sold and conveyed to her, and could execute in her individual name, without joining her husband, a valid mortgage of the premises, to secure the payment of the promissory note.

The statutes of this State defining the rights of husband and wife, have made provision for the acquisition, management,

control and disposition of the separate property of either the husband or the wife, and the common property of both; and by the Act of 1852 provision was made for a different character of property, which is the separate property of the wife, but is not to be classed with the separate property described in the Act defining the rights of husband and wife. It may be acquired by her by purchase for a pecuniary consideration, or as the result of her own earnings, but it does not become common property, and is not subject to the control of the husband. The third section of the Act provides that after the wife has duly made and recorded her declaration, she shall be entitled to carry on in her own name the business specified in her declaration, and that " the property, revenue, moneys and debts and credits so invested shall belong exclusively " to her; and that she " shall be allowed all the privileges, and be liable to all the legal processes now or hereafter provided by law against debtors and creditors." The language of the Act, though not as lucid in every respect as might be desired, indicates the intent of the Legislature, that in respect to her business, as specified in her declaration, and the property invested therein, she shall be deemed a *feme sole,* possessing all the rights, powers and privileges, and subject to all the liabilities in respect to such business and property that she would possess and be subject to, were she unmarried. Such is the construction given to this statute in *McCune* v. *McGarvey,* 6 Cal. 497; *Guttman* v. *Scannell,* 7 Cal. 455; and *Melcher.* v. *Kuhland,* 22 Cal. 523; and the doctrine is recognized in *Alverson* v. *Jones,* 10 Cal. 12; *Maclay* v. *Love,* 25 Cal. 367, and other cases.

The right and capacity to purchase property in her own name, to be used about her business, is necessarily incident to the power conferred upon her to act as a *feme sole* in such business; and in conducting the business of farming we can see no objection to her purchasing lands, that would not equally apply to a purchase of grain for seed. Conceding to her the capacity to effect a purchase of property to be used in her business, that a *feme sole* possesses, her authority to make

the purchase on credit as well as on any of the usual terms of sale, cannot be doubted.

The conveyance of the land by the plaintiff to the defendants, and the notes and mortgage executed by them to the plaintiff, to secure a part of the purchase money, constitute one transaction, and her liability on the mortgage rests upon the same principles as her liability on the notes. To deny her the power, without the aid of her husband, to create a lien upon the property purchased by her on credit, to secure the purchase money, subjects the property invested in her business to some extent to the control of her husband; and while it treats her as a *feme sole* in making the purchase, converts her into a *feme covert* when payment is attempted to be enforced by process of law.

The property must be such as is acquired by her for use in her business; and the question whether it was acquired for that purpose is a question of fact. The Court found that she " executed and delivered the said notes and mortgage in the course of her business as such sole trader, for the purpose of carrying on said business," and the evidence tends to prove the fact as found. And besides this, the allegation in the complaint that she; in connection with her co-defendant, has since the time of the purchase of the lands continued to possess and occupy the land and use the same in her business as such sole trader, is not denied by the answer, for the denial attempted amounts only to a denial of her continuous occupation. The use to which the property was put during that time, serves to show the purpose for which it was purchased.

Judgment affirmed.