JOSEPH REICHERT

*v.*

GUSTAVUS KŒRNER *et al.*

1. DEMURRER TO SPECIAL PLEA—*where facts alleged therein were given in evidence under general issue.* The assignment of error on the ruling of the court sustaining a demurrer to a special plea will not be considered where the defendant on the trial gave in evidence under the general issue all the facts alleged in such plea.

2. ASSIGNEE *after maturity—subject to what defense.* Where a note was paid by a surety thereon, and taken up by him for the purpose of recovering from his principal, but afterwards delivered back to the payee for the sole purpose of being collected by him from the principal, for the benefit of the surety, and by the endorsement of the payee after the note was thus returned to him, and after its maturity, it came to the hands of a third person, the latter would hold the note subject to the defense of such payment.

3. Had the surety returned the note to the payee for the purpose of giving it circulation, then he could not have availed of such defense.

APPEAL from the Circuit Court of St. Clair county ; the Hon. J. GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. SNYDER & DILL, for the appellant.

Messrs. KASE & WILDERMAN and Messrs. G. & G. A. KŒRNER, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of assumpsit, brought to the St. Clair circuit court by Kœrner, Kase and Wilderman, against Joseph Reichert. The declaration counted on two promissory notes, both executed by Albert Feger and Joseph Reichert, and payable to George Däab, one for $450, two months after date, and

the other for $135, due fourteen months after date, and both dated September 9, 1867.

The pleas were non-assumpsit, and two special pleas, which were demurred out, and leave given the defendant to amend the pleas, which was not done, and the parties proceeded to trial on the general issue, without a jury.

The court found for the plaintiffs the amount of the notes and interest, and rendered judgment accordingly.

To reverse this judgment the defendant appeals, and makes a point on the ruling of the court sustaining the demurrer to the special pleas; but, as the defendant, under the general issue, gave evidence of all the facts alleged in the first special plea, it is unnecessary to consider that ruling. That plea involved all the merits of the controversy. The other plea was virtually abandoned.

From the bill of exceptions, it appears appellant executed the notes in question as surety, merely, for Feger. The payee, Daab, placed the first mentioned note with the Belleville Savings Bank, for collection, about the time of its maturity, and a day or two thereafter appellant paid to the bank the full amount of the note and interest, which the payee then and there received, and the note was given up to appellant, who held the same for the purpose of a recovery against Feger. Soon after this, Peter Haupt purchased of Feger his brewery and other property, and as part payment, Haupt agreed to pay the notes in question. In about three weeks thereafter, which would be the first of January, 1868, appellant delivered the note first mentioned to Daab, on his promise that he would collect it, for appellant, from Haupt, in his trade with Feger. Daab held the note for this purpose only, when, in August following, Daab made an arrangement with Haupt, by which, in consideration that he had surrendered to Haupt the notes in question, Haupt executed to Daab his note for $585, being the amount of the two notes in suit, securing the same by a chattel mortgage, endorsing the notes in blank and without recourse.

Haupt, being indebted to the plaintiffs, endorsed the notes to them. This was about one year after the maturity of the notes.

These facts bring the first mentioned note within the eighth section of the statute respecting negotiable instruments, Ch. 73, R. S. 385, and by that the rights of the parties are to be determined.

The note, when endorsed to plaintiffs, was more than a year past due, and was endorsed by the payee "without recourse." These were sufficient to put the plaintiffs on inquiry. One of the plaintiffs did make inquiry of appellant, after they had taken the assignment, and was then promptly told it had been paid. The same inquiry could have been made before the assignment as well, and it was the duty of any person negotiating for its purchase to make inquiry. Taking the note after due was a hazard which the plaintiffs voluntarily incurred, and they took it subject to the defence of payment, which appellant has fully established. Was the original payee the plaintiff, he would be concluded by this proof, equally so his assignees after the maturity of the note. Had appellant placed the note in the hands of Daab for the purpose of giving it circulation, then, indeed, he could not avail of this defense, but it was for no such purpose, but for the sole object of recovering the amount from the real debtor for whom he was surety. All this could have been known to the plaintiffs before they took the assignment.

There seems to be no defense to the last mentioned note for $135. The judgment should have extended to that note only. Embracing, as it does, both notes, the judgment must be reversed and the cause remanded.

*Judgment reversed.*