SUSAN E. SMITH *vs.* THE BANK OF NEW ENGLAND.

The act (Gen. Statutes, tit. 19, ch. 5, sec. 11,) provides that "when a married woman shall carry on any business and any right of action shall accrue to her therefrom, she may sue upon the same as if she were unmarried." Held that a declaration in trespass for goods taken which described the plaintiff as "a married woman carrying on business," but did not allege that the goods were used by her in her business or that the cause of action resulted from her business, was insufficient.

And held that the defect was not cured by a verdict for the plaintiff.

TROVER, with a count in trespass; brought to the Superior Court in Middlesex County, and tried to the jury on the general issue, before *Park, C. J.*

The declaration was as follows: Then and there to answer unto Susan E. Smith, wife of Whitby M. Smith, of said East Haddam, a married woman, carrying on business, in a plea of the case, whereupon the plaintiff declares and says that on

the 8th day of February, 1875, she was possessed of certain articles of personal property, to wit: one hundred and forty-two pieces of ribbon, of the value of two hundred dollars; four boxes of feathers, of the value of thirty-two dollars; two boxes of flowers, of the value of ten dollars; one box of ruches, of the value of six dollars; eighteen untrimmed hats, of the value of fifteen dollars; and twelve hat frames, of the value of five dollars, which were her own proper goods; and being so thereof possessed, she afterwards, on the 8th day of February, 1875, at East Haddam aforesaid, lost the same out of her possession, which afterwards, on the same day, came into the hands and possession of the defendants by finding, (alleging a demand and conversion.)    And the plaintiff further declares in an action of trespass for the same cause of action and says that the defendants, on the 8th day of February, 1875, with force and arms seized, took and carried away certain goods and chattels, to wit: (describing the same articles,) the proper goods of the plaintiff, and all of the value of four hundred dollars, and then and there converted and disposed of the same to their own use.

Upon the trial the plaintiff offered evidence, and claimed, that prior to and at the commencement of the present action she was the wife of Whitby M. Smith, with whom she was living as her husband; that in the year 1867 she had by her own hands earned the sum of $115; that some time in that year she invested the same in goods suitable for the prosecution of the millinery business, which business she was carrying on in her own name, and with the knowledge and consent of her husband, down to the 8th day of February, 1875, when the defendants, in a writ of attachment against said Whitby M. Smith, seized the goods, with others belonging to the plaintiff, and subsequently converted the same to their own use, having sold on execution obtained against said Whitby M. Smith all the goods so attached except those sued for in the present action, and returned the execution partially unsatisfied.

The defendants requested the court to charge the jury that, upon these facts, the cause of action, if any existed, did not

result to the plaintiff from her business, and that she could not sustain the action in her own name. But the court did not so charge the jury, but charged them that the plaintiff could maintain the action in her own name.

The jury having returned a verdict for the plaintiff, the defendants filed a motion in arrest of judgment for the insufficiency of the declaration, and also a motion for a new trial for error in the charge of the court, which motions were reserved together for the advice of this court.

*S. L. Warner* and *D. Chadwick,* in support of the motions.

*R. D. Hubbard* and *A. B. Calef,* contra.

Loomis, J. This is an action of trespass and trover brought by a married woman in her own name. It is conceded by the plaintiff's counsel that the action can only be sustained by authority of the statute (General Statutes, p. 417, sec. 11,) which provides that "when a married woman shall carry on any business, and any right of action shall accrue to her therefrom, she may sue upon the same as if she were unmarried."

The declaration simply describes the plaintiff as "a married woman carrying on business," but there is no allegation whatever that the goods taken by the defendant were the goods used in her business or that the cause of action resulted from her business.

At common law a married woman could not under any circumstances sustain a suit at law in her own name while her husband was living within the same kingdom. And such is still the general rule. With all the enlargement of the rights of married women, our statutes when this suit was commenced had introduced only two exceptions in reference to suits by them; one by the act of 1853, which provided that in case of abandonment of the wife by the husband she might, during the continuance of such abandonment, transact business in her own name, and sue and be sued as if unmarried; and the other is the statute before cited which controls this case.

As was held by this court in *Edwards and wife* v. *Sheridan,* 24 Conn., 165, the alterations made by the statutes relative to married women constitute exceptions to the general rule, and the allegations in the declaration must explicitly bring the case within one of the exceptions. To bring the case at bar within the statutory exception before mentioned some averment to show that the cause of action accrued from the business carried on by the plaintiff was indispensable, and the want of such allegation makes the declaration fatally defective. But as the question here was first raised by motion in arrest of judgment after verdict, it is necessary to determine whether the defect was of such a nature as to be cured by the verdict.

One criterion to aid in determining this question was first laid down by Lord Mansfield in the leading case of *Rushton* v. *Aspinall,* reported in Douglass, 679, the principle of which is usually thus expressed: "A verdict cures the statement of a title defectively set out, but not of a defective title."

We think the case at bar comes under the head of a defective title rather than a mere inaccurate statement of the plaintiff's title or cause of action. The right of the plaintiff to maintain the suit depended not merely upon the facts ordinarily applicable to trespass and trover, but upon another distinct and substantive fact, that the cause of action accrued from the particular business which she was carrying on, and this being totally omitted there can be no ground for presuming the fact to have been proved at the trial.

There is a sufficient analogy between this case and those in which the cause of action is given by some statute, to make a reference to the rule in the latter cases pertinent as an illustration. It is a well-settled rule of pleading, that, in declaring upon a cause of action arising under a statute, the plaintiff must state specially every fact required by the statute to ground the action, so that the court may judge whether the liability of the defendant under the statute has accrued; and if this be not done, the declaration is bad after verdict. *Bartlett* v. *Crozier,* 17 Johnson, 439; *Williams* v. *Hingham & Quincy Bridge & Turnpike Co.,* 4 Pick., 340.

So here, as the plaintiff's right to sue is wholly statutory, and as one essential prerequisite to maintain the action is wholly wanting, we do not see why such an omission is not just as fatal as it would be if the cause of action arose wholly under the statute and belonged strictly to the class just mentioned.

There is probably no writer upon the science of pleading who has used clearer language or more apposite illustration on the subject we are considering than Judge Gould in his celebrated treatise upon Pleading. In chapter X., sect. 22, he says:—"If the declaration omits to allege any substantive fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect." This legal proposition is copiously illustrated in sections 22 to 25 inclusive, leaving no doubt as to the meaning.

Now apply this test to the case at bar. Two questions are involved in the application.—1st. Is it a substantive fact, essential to the plaintiff's action, that the cause of action accrued from the business? This we have already answered in the affirmative.—2d. Is the above mentioned fact implied in or inferable from any facts which are alleged and found?

On examining the declaration we find the plaintiff described as "a married woman carrying on business," but this is a mere matter of *descriptio personœ*, and has no relation to the cause of action whatever, and of course it cannot show in what the cause originated. Again, it is alleged that the plaintiff was "possessed of certain goods and chattels," which "were her own proper goods and estate." But how can the fact that the cause of action arose in the business be implied in or inferable from the allegation that the goods were hers? There is no necessary or even natural dependence of one of these facts on the other. If it had been alleged that the goods wrongfully taken were owned by the plaintiff and used in her business, such an inference might have been admissible. But the allegation of possession and ownership is entirely consistent with a possession and title derived in any other way than from her business or used for any other

purpose. The property might have been a part of her sole and separate estate. She might indeed have been a mere bailee. And proof of such special title and possession or right to the possession would have satisfied every averment in the declaration.

But it was suggested in the argument for the plaintiff, that in proving her title she may have shown that the cause of action accrued from her business. This is quite possible, but to avail the plaintiff the two things must have such a relation that one is legally inferable from the other, which is not the case. And here an important distinction is to be kept in mind. The presumption which after verdict cures a defective statement is not founded on the idea that the plaintiff on the trial made out a good case independent of the declaration, but that in proving the allegations *as actually made* the omitted fact was *necessarily involved*. A plaintiff is not bound to prove any other case than what he has substantially alleged, and if he proves this he is entitled to a verdict without reference to its legal sufficiency. *Spieres* v. *Parker*, 1 T. R., 141; *Griffin* v. *Pratt*, 3 Conn., 513; Gould's Pleading, chap. X., sections 23 and 24.

In the case of *The United States* v. *The Virgin*, 1 Peters C. C., 7, which was an information against a vessel for receiving from another vessel bound to the United States, goods without a permit, against the act of Congress, the decree of the District Court, on the finding of the jury against the vessel, was reversed, because the libel did not allege it to have been done within four leagues of the coast, and without that fact there was no forfeiture under the act. Judge Washington, in giving the opinion, said:—"The plaintiff is not bound to prove more than he lays in his declaration, and therefore we must presume the case stated in it to have been proved, and no other. If a proper case be laid, but not with sufficient precision, and the defendant will not at the proper time take advantage of the defect, the court after verdict will presume that the want of precision was supported at the time by evidence; because, as a proper ground for such evidence was laid, it would have been proper; not so if no ground at all is laid."

For these reasons we advise that judgment be arrested.

In this opinion the other judges concurred.