## HICKEY V. THOMPSON.

1. MARRIED WOMEN: *May engage in farming: Liability in respect to separate business.*

The statute (Mansfield's Digest, section 4625), which empowers a married woman to "carry on any trade or business * * * on her sole and separate account," uses the term "business" in the sense of employment, and confers upon a married woman the right to engage in farming on her separate account. While thus engaged she may purchase property and supplies to be used in her business of farming, and will be liable therefor to the same extent as if she were unmarried.

2. SAME: *Same.*

While the defendant, a married woman, was engaged in farming on lands belonging to herself and on her separate account, her husband, acting as her agent, bought goods to be used in her business of farming from the plaintiff, who, believing that the husband was the owner of the farm and cultivated it on his own account, charged the goods to him. HELD: That the wife was liable for the goods.

3. SAME: *Same: Estoppel.*

Where a wife gives her note for the amount of an account for goods purchased by her husband as her agent, and to be used in her separate business, she is not thereby estopped from showing that any part of the account was for a debt which she could not legally contract, and for which her husband was solely liable. But the execution of the note raises a presumption that it was given only for such articles as the wife was liable for; and in an action on the note the burden is upon the wife to prove that it embraces an amount for which she is not liable.

4. PRACTICE: *Suit on note not due: Waiver.*

Where a suit is brought on a note before its maturity, that fact, if available as a defense, is waived by a failure to take advantage of it on the trial.

APPEAL from *St. Francis* Circuit Court.

M. T. SANDERS, Judge.

*W. G. Weatherford,* for appellant.

The note of a married woman, who joins with her husband, is void. *14 Ark., 270; 16 id., 196; 39 id., 242; 27 id., 351.* When enforced in equity, it must be *in rem.* against her property, and not against her. *Ib., supra.* Even then it must appear that she entered into the engagement *which created the*

*original indebtedness* with the intent *to bind her separate property*, and so understood *at the time by the person with whom she contracted. Schouler Dom. Rel., 226.* In this State it must appear that the contract *was made* with reference to her separate estate. *29 Ark., 350-447; 30 id., 392, 773; 32 id., 451.* The common law disabilities remain since the Constitution of 1874, unless removed by statute. *39 Ark., 361.*

The act of April 28, 1873 (Digest, chapter 104), was for her *protection;* converted her property into separate estate; exonerated it from liability for, or control by, her husband; empowered her to trade or carry on business, sue and be sued, etc. The power to devise, bequeath and convey as a *femme sole* was conferred subsequently by the Constitution of 1874. She always had power to take hold, manage or charge her *separate real estate*, but she was empowered to enter the field of trade and business, and made liable for what she did. *30 Ark., 728.* She is not liable for her husband's debts, nor any other, except those contracted with *reference to her separate estate*, or as a *sole trader. 48 Ark., 223; 33 id., 265; 43 id., 163.* The Constitution and the act of 1873 do not enlarge the wife's capacity to *contract*, but to *secure* to her property which would pass to her husband. So the provision empowering her to carry on trade may imply the power to contract in relation to the business. But the purchase and sale of real estate is not a *separate business*, within the meaning of the statute, which relates to *mechanical, manufacturing or commercial pursuits. 71 N. Y., 199.*

*Sanders & Watkins*, for appellee.

Carrying on and engaging in a general planting and farming business is a separate trade, business or vocation, under the act of 1873, as much so as the sale of goods, manufacture of wares, or engaging in mechanical pursuits, and *71 N. Y., 200*, and *43 Ark., 167*, is not opposed to this construction. See *Schouler on H. and W., sec. 309; 126 Mass., 332; 51 Wisc., 204.*

It is true the credit was given her husband, but when it was ascertained he was only her agent, they at once sought the principal and took her note, and she is bound. *Thompson v. Davenport*, decided in 1829.

She was a sole trader, and as such liable on her contracts in the course of trade.

BATTLE, J.  Appellees sued appellant, Jennie C. Hickey, on three several promissory notes executed by her on the 14th of February, 1881, each for the sum of $266.41, aggregating $799.23, and bearing interest from the date of their execution.  They allege that she was a married woman at the time when the debt evidenced by the notes was contracted, but that she had a separate estate, and was carrying on a trade and business on her sole and separate account, and that the debt sued for was for moneys, goods and supplies advanced and sold to her for the maintaining and carrying on her separate business of farming and planting, and were used by her in that way.  She denied contracting the debt; pleaded that she was a married woman when it was contracted and the notes were executed; and denied that she was carrying on a trade and business on her sole and separate account.  The issues were tried by a jury, and a verdict was returned in favor of appellees, and her motion for a new trial having been overruled, she appealed.

There was evidence adduced in the trial tending to prove that appellees sold and advanced moneys, goods and supplies, to be used and consumed in improving and cultivating a certain farm, and raising crops thereon; that believing that the husband of the appellant was the owner of the farm, and cultivated the same on his own account, they charged the moneys, goods and supplies to him; that afterwards they discovered that the farm was owned, claimed and cultivated by appellant; that she was engaged in the cultivation and raising crops thereon on her sole and separate account; that in the borrowing of the money and the purchasing the goods and sup-

Hickey v. Thompson.

plies he was acting as her agent; and that when they discovered that fact they requested her to settle the account as her own indebtedness, and she did so by executing the notes sued on. If this evidence be true were appellees entitled to recover judgment against her on the notes?

The validity of the notes depends upon her right to engage in farming. Did she have such right? The statute expressly empowers a married woman to "carry on *any* trade or business," on her sole and separate account. It authorizes her to become something more than a trader in the commercial sense. It says she may carry on any "business." The primary signification of the word "business" is employment— "that which employs time, attention and labor." It is clear it was used in that sense in the statute; for it expressly provides, that she may carry on any trade or business, "and perform *any labor or services* on her sole and separate account," and that her earnings "from her trade, business, *labor or services*, shall be her sole and separate property, and may be used or invested by her in her own name." It does not limit her right to engage in trade or business, but says she may carry on *any* trade or business. It follows then she may engage in farming. *Mansf. Digest, secs. 4624, 4625, 4626; Netterville, v. Barber, 52 Miss., 168; Snow v. Sheldon, 126 Mass., 332; Krouskop v. Shontz, 51 Wisc., 204; Schouler on Husband. and Wife, sec. 309.*

*Walker v. Jessup, 43 Ark., 163,* cited by appellant in her brief, has no application to this case. In that case, the defendant, who was a married woman, purchased lands at an administrator's sale upon a credit, and executed her bond for the purchase money. The object of the suit was to recover a personal judgment against her on the bond, and a decree of foreclosure and sale. This court held that the plaintiff was not entitled to a personal judgment against her. The question involved in this case was not considered or discussed in that case.

*Marginal note:* 1. MARRIED WOMEN: May engage in farming: liability, etc.

Hickey v. Thompson.

The effect of the statute authorizing a married woman to "carry on any trade or business" on her sole or separate account, is to invest her with all the rights, powers and privileges of a *femme sole* in respect to her separate business and the property invested therein, and subject her to the liabilities she would be subject to in respect thereto if she were unmarried. The right and capacity to purchase property in her own name, to be used about her separate business, is a necessary incident to the power conferred upon her to conduct the business on her separate account. It is unreasonable to suppose that the intention of the statute, when it gave her this power, was to leave her under her common law disability to bind herself by contract. The grant of the power, without words of limitation, necessarily carries with it the right to conduct business in the way and by the means usually employed in carrying on the same. Conceding her this power, her right to purchase on a credit cannot be doubted. Having this right, it necessarily follows that she can be compelled, through the courts, to abide by and perform such contracts to the same extent that she could be if she were unmarried. To save any question upon this point, the statute expressly authorizes her to be sued alone in respect to her separate business, and provides that judgments recovered against her may be enforced against her sole and separate estate and property to the same extent and in the same manner as if she were a *femme sole*. *Mansf. Dig., sections 4625, 4626, 4630; Nispel v. Laparle, 74 Ill., 306, 308; Young v. Gori, 13 Abb. Pr., 13 in foot note; Freeking v. Rolland, 53 N. Y., 422; Camden v. Mullen, 29 Cal., 564; Stewart on Husband and Wife, sec. 453.*

2. SAME:
Same.

The fact that the moneys, goods and supplies were charged, under a misapprehension of the facts, to her agent, does not relieve appellant of liability for the same. Appellees are entitled to judgment against her for the amount due therefor. This doctrine is well settled. *Story on Agency, secs. 446 and cases cited; Meacham on Agency, secs. 695, 698.*

The notes having been executed by appellant for money, advanced and goods and supplies furnished to her to be used in a business carried on by her on her sole and separate account, the presumption is, the amounts thereof are correct. To the extent of her capacity to carry on a business on her sole account she is subject to the presumptions in which the law indulges against those endowed with full capacity to act for themselves. But she is not estopped by the notes from showing that any part of them was given for debt she could not legally contract, or for which her husband was solely responsible; and if such a fact should be shown, appellees would not be entitled to a judgment for such part. The burden of proving the part for which she was not liable, if any, rested upon her. Having failed to make such proof, appellees were entitled to recover the full amount of the notes. *Klotz v. Butler, 56 Miss., 337.*

One of the notes sued on matured after the commencement of this action, and appellees recovered judgment for the amount due thereon. Appellant now insists that the judgment should be set aside on that account; but she did not avail herself of that fact as a defense against the recovery of the judgment, and only in her motion for a new trial objected to it by saying that the verdict was excessive. She waived this defense, if it was a defense, and cannot take advantage of it after the trial.

Judgment affirmed.

3. SAME: Same: Estoppel.

4. PRACTICE: Suit on note not due: Waiver.