CELESTE F. CRAWFORD, APPELLANT, VS. H. & G.
FEDER, APPELLEES.

1. An order of court overruling a demurrer to a declaration on the
special grounds assigned, that the præcipe and declaration
had not been signed by plaintiffs or their attorney, recited
that the pleadings were allowed to be amended instanter by
signing them, and the record showed that the præcipe and
declaration were properly signed: *Held*, that the action of the
court was correct not only because the defects sought to be
reached by the demurrer were removed by amendment, but
such defects should be reached by motion, and not by de-
murrer to the declaration.

2. The rule of the common law is, that a married woman can
not be sued at law on contracts made by her during coverture,
and express legislative authority being necessary in order
to maintain such a suit against her, it is essential that the
declaration allege the statutory facts showing her liability to
be sued in the action.

3. A declaration alleging that the plaintiffs sue defendant, a mar-
ried woman conducting a mercantile business as a free dealer
under the statute of Florida, using a firm name, for that she
accepted a draft drawn on her on a date prior to the filing of
the declaration, does not aver that she had been made a free
dealer under the statute, or that she in fact was a free dealer
thereunder when the contract of acceptance was made by
her, and such declaration is so fatally defective as not to
be cured by verdict or judgment.

Appeal from the Circuit Court for Leon
county.

The facts in the case are stated in the opinion of the
court.

*Stephen C. Miller* and *John S. Beard*, for Appel-
lant.

*R. W. Williams*, for Appellees.

MABRY, J. :

The appellees, as partners in trade under the firm name of H. & G. Feder, sued appellant at law on the written acceptance of a draft for $358.56. The declaration contains two counts: the first one alleging that plaintiffs sue the defendant, a married woman conducting a mercantile business as a free dealer under the statute of the State of Florida, using the name of Crawford & Co., for that the plaintiffs on the first day of July, 1890, by their draft, directed defendant to pay to the order of G. W. Saxon & Co., for collection, three hundred and fifty-eight and 56-100 dollars at sight, and that defendant accepted said draft for said sum, payable on the 21st day of July, 1890, but failed to pay the same. The second count is for money found to be due from defendant to plaintiffs on an account stated between them. A copy of the draft with the acceptance was filed with the declaration.

On the rule day to which the summons *ad respondendum* was returnable an appearance was entered for defendant, and on the next rule day the following demurrer was filed, *viz:* "Now comes the defendant in the above entitled cause by her attorney and says that said suit was not begun as required by law and the rules governing the conduct of suits in the Circuit Court in common law cases, and alleges the following grounds of demurrer thereto, to-wit: 1st. The præcipe was not signed by the plaintiffs or their attorney. 2nd. The declaration was not signed by plaintiffs or their attorney." On the hearing the demurrer was overruled, the order overruling the demurrer reciting that on application of plaintiffs' attorney, the pleadings were allowed to be amended instanter by signing them, and further that defendant be allowed to plead

to or answer the declaration on a day in the future designated, and that upon a failure to do so the clerk of the court was directed to enter final judgment in favor of plaintiffs on the demurrer. The time fixed for pleading to the declaration was, on application of defendant, enlarged, but default was made within that time, and upon the filing of the original draft with the clerk, he entered final judgment thereon, under the order of the court, in favor of plaintiffs and against defendant.

An execution having been issued on the judgment ten days after its entry, an order was made by the court staying the execution and directing that plaintiffs show cause why the judgment should not be opened. It appears from the record that on the day the order staying the execution was made defendant produced and had filed a plea to the declaration, but on a subsequent date the court made an order revoking the former one staying the execution, and directed that the final judgment entered be and remain in full force, and that the sheriff proceed with the execution according to its commands. The defendant then entered an appeal from the final judgment entered by the clerk, and the assignments of error here are that the Circuit Court erred in overruling defendant's demurrer, and in the judgment rendered.

The proceedings subsequent to the entry of the final judgment by the clerk and in reference to staying the execution, demand no special attention on this appeal. The fact that a plea was presented on the day the order was made calling upon plaintiffs to show cause why the judgment should not be opened, indicates that the court was acting upon an application of defendant to have the judgment set aside and for leave to plead to

the declaration. The subsequent order revoking the one staying the execution and directing the sheriff to proceed to execute it would have the effect to deny such application, but no error is assigned on the action of the court in reference to the orders mentioned. There is nothing in the record showing any excuse why the defendant did not plead to the declaration within the time allowed, and in the absence of such showing this court would not, if error had been assigned, reverse the decision of the Circuit Court refusing to set aside the judgment for the purpose of permitting a plea to be filed. The order of the judge staying the execution was revoked, and no question arises here as to his authority to make such order.

The præcipe and declaration filed in the cause, as shown by the record, are signed by counsel for plaintiffs. From the recital in the order overruling the demurrer it would appear that they were signed by leave of the court at the time the demurrer came on for hearing, and if so we see no reason why the court could not then permit such an omission in the proceedings to be supplied. The special grounds of the demurrer should have been overruled, not only because the defects thereby sought to be reached had been corrected by leave of the court, but a demurrer was not the proper way to reach such defects. Such defects should be reached by motion made at the proper time.

The order of the judge overruling the demurrer directed the clerk, upon a failure of defendant to plead, to enter final judgment upon the demurrer, and the judgment entered by the clerk purports to be in compliance with said order. Conceding that it was competent for the court in overruling a demurrer to a dec--

laration stating a good cause of action to authorize the clerk to enter final judgment thereon in vacation (L'Engle v. L'Engle, 19 Fla., 714; McGee vs. Ancrum, 33 Fla., 499, 15 South. Rep., 231), a serious question presents itself on the record here as to whether the declaration shows any cause of action whatever against the defendant at law. The rule of the common law is unquestionable that a married woman can not be sued at law on any contract made by her during coverture, and statutory authority must be shown for maintaining such a suit. Provision has been made by our statute for married women residing in this State and wishing to take charge of and manage their estates and to become free dealers in every respect, to do so by complying with the provisions of the statutes on the subject. McClellan's Digest, secs. 13, 14, 15, pages 756, 757, R. S., secs. 1505, 1509. Upon a compliance with its provisions the statute declares that the applicant to become a free dealer, shall be authorized to take charge of and control her estate, to contract and be contracted with, to sue and be sued and to bind herself in all respects as fully as if she were unmarried. It was said by this court in Martinez vs. Ward, 19 Fla., 175, in reference to this statute, that "the intention of the Legislature evidently is to give to the married woman the power to acquire property by her own labor, skill and credit, and to become personally indebted by borrowing, buying and trading, subjecting herself to the penalties of violating her contracts and securing to herself, free from the control of her husband, the fruits of her labor and skill as a trader." When a married woman has complied with the statute and has been made a free dealer thereunder, we do not doubt her liability to be sued at law on her contracts and

have personal judgments rendered against her on proper showing. Baum vs. Mullen, 47 N. Y., 577; Trieber vs. Stover & Co., 30 Ark., 727; Camden vs. Mullen, 29 Cal., 564; Meyers vs. Rahte, 46 Wis., 655. It is, however, entirely clear that she could not at common law enter into any contract enforceable in a court of law (Dollner, Potter & Co. vs. Snow, 16 Fla., 86; O'Neil vs. Percival, 20 Fla., 937); and in order to maintain a suit or sustain a recovery at law against a married woman on her contract on the ground that she had become a free dealer under the statute when the cause of action sued on arose against her, it is essential that the plaintiff allege in his declaration the fact that she was such free dealer. An allegation that she had been duly made a free dealer under the statute, or that she was a free dealer under the statute, and as such had executed the contract sued on, might be sufficient. Melcher vs. Kuhland, 22 Cal., 522. But the declaration upon which the judgment was entered in the present case does not contain such an averment. If the statement in the introductory part of the declaration, that the plaintiffs sue the defendant "a married woman conducting a mercantile business as a free dealer under the statute of the State of Florida, using the name of Crawford & Co.," can amount to anything more than a *descriptio personae*, it does not allege that the defendant had been made a free dealer under the statute, or that she was in fact a free dealer thereunder when she accepted the draft sued on. It is not the conducting a business as a free dealer under the statute, or the engaging in a mercantile business in a firm name that authorizes a suit against a married woman on her contract, but it is the essential fact that she had been made a free dealer in accordance with the provisions of the statute when she made the contract

sought to be enforced at law. It may be true that the defendant conducted a mercantile business as a free dealer under the statute, and in fact had not acquired the status of a free dealer by complying with the provisions of the statute. The declaration is fatally defective, in our judgment, in failing to allege that the defendant had become a free dealer under the statute when the contract of acceptance sued on was made by her, nor do we think the defect is cured by judgment.

A statute in Connecticut provided that when a married woman shall carry on any business, and any right of action shall accrue to her therefrom, she may sue upon the same as if she were unmarried. A married woman sued in trespass for certain goods taken from her, and the declaration was, "then and there to answer unto Susan E. Smith, wife of Whitby M. Smith, of said East Haddam, a married woman carrying on business, in a plea of the case, whereupon the plaintiff declares and says that on" a given date she was possessed of certain described personal property which were her own proper goods, and that on the date mentioned the defendants with force and arms seized, took and carried away said goods of plaintiff, of the value of so many dollars mentioned, and converted them to their own use. There was no allegation that the goods seized were used by plaintiff in her business, or that the cause of action resulted therefrom. It was held that the declaration was insufficient, and that the defect was not cured by verdict for plaintiff. Smith vs. Bank of New England, 45 Conn., 416. In the opinion in this case it is said: "On examining the declaration we find the plaintiff described as 'a married woman carrying on business,' but this is a mere matter *de scriptio personæ*, and has no relation to the cause of

action whatever, and of course it can not show in what the cause originated. Again, it is alleged that the plaintiff was 'possessed of certain goods and chattels,' which 'were her own proper goods and estate.' But how can the fact that the cause of action arose in the business be implied in or inferable from the allegation that the goods were hers? There is no necessary or even natural dependence of one of these facts on the other. If it had been alleged that the goods wrongfully taken were owned by the plaintiff and used in her business, such an inference might have been admissible. But the allegation of possession and ownership is entirely consistent with a possession and title derived in any other way than from her business or used for any other purpose." As to curing the defect in the declaration by verdict, the rule given by Mr. Gould is quoted, that "if the declaration omits to allege any substantive fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect." It is also said the presumption which after verdict cures a defective statement is not founded on the idea that the plaintiff on the trial made out a good case independent of the declaration, but that in proving the allegations as actually made the omitted fact was necessarily involved.

The declaration before us fails, in our opinion, to allege essential facts as a basis for the entry of a judgment at law against the married woman defendant, and the judgment entered should be reversed and the cause remanded to the Circuit Court for further proceedings. Judgment to be entered accordingly.