GUYON F. GOSMAN et al., Appellants, *v.* ELIZA L. C. CRUGER, Impleaded, etc., Respondent.

A married woman is not liable upon a guardian's bond, executed by her as surety, when there is nothing expressed therein showing an intention to charge her separate estate.

The fact that the bond was executed in compliance with an order of the court, and that the law requires two sufficient sureties, does not make her liable.

So also the making of an affidavit, on her part, that she possessed enough estate to make her a sufficient surety, does not incorporate into her contract an expression of intent to bind her separate estate.

Suretyship for a guardian is not an exception to the rule that the contract of suretyship, if void at law, cannot be enforced in equity.

(*Wiser* v. *Blackly*, 1 J. Ch. R., 670; *Prior* v. *Williams*, 2 Keyes, 530; *Sikes* v. *Truitt*, 4 Jones Eq., 360; *Armistead* v. *Bozman*, 1 Ired. Eq., 117; distinguished.)

(Argued February 14, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming so much of the judgment herein as dismissed the complaint, as to defendant Eliza L. C. Cruger. (Reported below, 7 Hun, 60.)

This action was brought upon a bond executed by defendants as sureties for one Edward R. Olcott, since deceased, conditioned for the faithful performance of his duties as guardian of plaintiffs.

The complaint alleged that said defendant Eliza was, at the time of the execution of the bond, a married woman, having a separate estate, and it was asked that the amount of the recovery be adjudged a charge upon her separate estate.

Attached to the bond was an affidavit, signed by the sureties, to the effect that they were each worth the sum of $10,000, over and above all debts and liabilities. The bond was presented and filed with the petition for the appointment of said guardian, and upon them he was duly appointed, and received, as such, in pursuance of an order of the court, moneys belonging to plaintiffs, which he converted to his own use.

The court directed judgment against defendant, John P. Cruger, but directed a dismissal of the complaint as to defendant, Eliza. Judgment was entered accordingly.

*Elihu Root*, for the appellants. The bond was chargeable against defendant's separate estate, because an intention to make it so was necessarily to be implied from its terms. (*Yale* v. *Dederer*, 22 N. Y., 460, 458.) It was not necessary in this case that the intention should be expressed in the bond. (*White* v. *McNett*, 33 N. Y., 380; *Sikes* v. *Truitt*, 4 Jones Eq. [N. C.], 361; *Armistead* v. *Bozman*, 1 Ired. Eq., 117; *Wiser* v. *Blackley*, 1 J. Ch., 607; *Prior* v. *Williams*, 2 Keyes, 530; *Williamson* v. *Berry*, 8 How. [U. S.], 495, 555; *Eyre* v. *Countess of D.*, 3 L. Cas. in Eq., 538, 588; *Aymar* v. *Roff*, 3 J. Ch., 49; *Van Duzer* v. *Van Duzer*, 6 Paige, 366; 14 Viner's Abr., 175, § 5; Adams' Eq., 281.) If the bond was not so framed as to bind Mrs. Cruger, it can be enforced in equity. (*Hobday* v. *Peters*, 28 Beav., 354; *Jenny* v. *Andrews*, 6 Mad., 264; *McHenry* v. *Davies*, L. R., 10 Eq., 88; *Vaughan* v. *Vanderstegan*, 2 Drew, 363; *Pitcher* v. *Hennessey*, 43 N. Y., 415; *Hurt* v. *Rousmanier*, 8 Wheat., 217; 1 Pet., 1; *Pusey* v. *Debouvrie*, 2 P. Wms., 315; *Lansdowne* v. *Lansdowne*, Moseley, 364; *Wheeler* v. *Smith*, 9 How. [U. S.], 55; 1 Story's Eq. Jur., § 138 [f].)

*C. Frost*, for the respondent. No intent having been expressed by respondent in the bond to charge her separate estate, she is not liable. (*Yale* v. *Dederer*, 18 N. Y., 265; 22 id., 450; *Manhattan B. and M. Co.* v. *Thompson*, 58 id.,

80.) Bonds given in pursuance of a statute must be construed the same as if given in the ordinary course of business. (*McCluskey* v. *Cromwell*, 11 N. Y., 593; *Pickersgill* v. *Lahens*, 15 Wal., 140; *Wood* v. *Fisk*, 63 N. Y., 245.)

F<small>OLGER</small>, J.   A married woman is bound by her contracts made in her separate business, or relating to her separate estate, as provided in the married woman's acts of 1848, 1849, 1860 and 1862 ; and they may be enforced against her at law or in equity.

If her contracts are not thus made, or do not thus relate, they are void at law, and may not be enforced in equity against her separate estate, unless the intention of charging that estate is expressed in the contract, or implied from its terms; (*Yale* v. *Dederer*, 22 N. Y., 450.)

The bond sued upon in this action is not a contract made by Mrs. Cruger in her separate business, nor does it relate to her separate estate, nor is there expressed in it an intention of charging that estate. It seems, therefore, that the plaintiffs cannot recover against her.

The appellants seek to go outside the bond, and to find the requisite expression of intention, in the other circumstances, acts and papers, in the proceeding. Authorities are cited, to the effect that a bond given in pursuance of a decree, is to be construed with the decree, and that the terms of the latter enter into and form a part of the contract. But there is nothing to be found in the proceedings which led to the execution of this bond, which shows a purpose on the part of the court to compel Mrs. Cruger to bind her separate estate, even if there was the power to compel a married woman so to execute a bond. It does not appear, indeed, that it was known that she was a married woman. The reference made to the rules of the Supreme Court (rule 65), of chancery (rule 148), and to the statute which authorized those rules (2 R. S., 175, § 46), is no more than to say, that the law required two sufficient sureties. If one of the sureties had been an infant, he would not, because of the rules

and the statute, have been held to have made a valid contract. And though Mrs. Cruger might have made a valid contract had she put it in the requisite form, she is not to be held to have done so merely for the reason that the law was not complied with when she did otherwise. Nor does the fact that she made an affidavit that she possessed enough estate to make her a sufficient surety, incorporate into the contract of suretyship the expression of an intention to bind that estate, if it was separate. That it was a statement in writing makes it no more efficient than if by parol (*Maxon v. Scott*, 55 N. Y., 247), so far as the expression of an intention is concerned. It might be demanded in writing to meet the Statute of Frauds. But it was, though in writing, outside of the written contract, as much as such a statement in parol *aliunde*, would be outside of a contract valid by parol. Parties may struggle against the rule, but it is the rule, that the intention to charge the separate estate must be expressed in the contract, or implied in the terms of it. The affidavit is no part of the contract or of its terms. It is but a statement in legal form that the person named in the contract is of sufficient estate to be a proper party to it.

It is claimed that the reason of the rule declared in *Yale v. Dederer*, does not apply to this case, and that, therefore, the rule ceases. That reason is said to be this: That a contract made by a married woman is void at law; that it may be enforced in equity under some circumstances, but not when it is a contract of suretyship, for there is no equity springing out of the consideration. It is then claimed, that suretyship for a guardian is an exception to this rule, as equity will enforce against persons, *sui juris*, who become sureties, their obligations, the same as if they made them as principals. The authorities in this State, cited by the appellants, do not sustain the proposition. What was substantially held in *Wiser* v. *Blackly* (1 J. Ch. R., 607), was that one signing a bond as surety was, as well as one signing as principal, liable to a suit to reform the contract so as to conform it to the intention of the parties, and as the defendant's answer

admitted that the surety intended to bind himself for the guardian, a mistake in the form of the bond was corrected or treated as so.   So it was in *Prior* v. *Williams* (2 Keyes, 530), which was not the case of guardianship.

The case from Jones' Reports (*Sikes* v. *Truitt*, 4 Jones Eq. [N. C.], 360), is professedly based on that from Iredell, and with some distrust of the correctness of the precedent. That from Iredell (*Armistead* v. *Bozman*, 1 Ired. Eq., 117) is to the same effect as *Wiser* v. *Blackly* (*supra*); that the instrument may be corrected in form to agree with the intention of the surety as admitted or proven.

It is then claimed that Mrs. Cruger, by not making known to the court that she was a married woman, was guilty of a fraud on it.   It is claimed that, either as a mistake or as a fraud, the court will take hold of it, and enforce the bond against her.   It need only be said, as to this, that the intention to charge the separate estate is made an issue by the pleadings and found against the plaintiffs; and that fraud is not found nor alleged.

The judgment must be affirmed.

All concur.

Judgment affirmed.