MEYERS and others vs. RAHTE and husband.

| 46 | 655 |
|----|-----|
| 74 | 586 |
| 46 | 655 |
| d111 | 1 44 |
| 111 | 1 45 |

MARRIED WOMAN. *(1) Right to her own earnings in business. (2) Remedy of creditors.*

1. Under sec. 2, ch. 155, Laws of 1872, a married woman is entitled to her own earnings, including the profits of a business carried on by her with capital which is her sole and separate property, and may make contracts in respect thereto as if she were sole, enforceable by or against her in legal actions.

2. In case, therefore, of a married woman who has contracted debts in thus carrying on business, a creditor cannot maintain a suit in equity, in his own behalf and that of other like creditors, to have their claims declared a specific lien upon her separate estate; each creditor having a remedy by separate action at law.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action is brought in equity by the members of the firm of *Samuel Meyers & Co.*, in behalf of themselves and other general and unsecured creditors of *Mrs. Henrietta K. Rahte*,

" who shall by proper proceedings come into court and pray the benefit of the action, and show themselves equitably entitled thereto," to enforce payment of their several demands against her out of her separate estate.

It is alleged in the complaint, that the plaintiffs are partners, and the defendants are husband and wife; that *Mrs. Rahte* inherited and received real and personal property from the estate of her deceased father; that for two years last past she has carried on the business of a retail liquor dealer and saloon keeper, as a sole trader on her own account, with the capital and on the credit of her sole and separate property, so inherited by her; " that such business has been carried on in her own name, and for her individual benefit, with the consent, approval, assistance and agency of her said husband, *Henry Rahte, Jr.*, who has managed said business for her as her principal agent, and had entire charge of the active conduct thereof, but solely in her name and with her funds; and that said *Henrietta K. Rahte* has received, to her own use and as her own property, all the profits of said business, has bought stock and incurred and paid debts in the course of the business, and in every way has subjected herself to and recognized the usual liabilities, and enjoyed the usual privileges and benefits, of a person engaged in such or any business, the same as if she were an unmarried woman trading on her sole and separate account; and still so does as such trader." It is further averred, that, in carrying on such business and making purchases on account thereof, she has become indebted to divers persons, including the plaintiffs; and that none of her creditors are secured by specific lien on her separate estate.

The complaint then proceeds to state that *Mrs. Rahte* is indebted to the plaintiffs over $600 for liquors sold and delivered by them to her, and used by her in such business; and alleges that certain of the real estate so inherited by her is all that remains of her separate estate. The prayer for relief is,

that the demands of the plaintiffs, and of all other creditors of *Mrs. Rahte* who shall be admitted to the benefits of the action, be adjudged a specific lien on such real estate; that the same be sold to satisfy such demands; and for general relief.

Afterwards, and before any other proceedings in the action, the firm of *A. Heller & Bro.* presented their petition to the circuit court, praying to be admitted to the benefits of the action of *Meyers & Co.* It is alleged in the petition that *A. Heller & Bro.* are also creditors of *Mrs. Rahte* for the price of other liquors sold to her by them, and used by her in her said business. Most of the material averments of the original complaint are repeated in the petition. The court granted the prayer of the petitioners, and ordered the defendants to answer the petition. The defendants thereupon demurred thereto, on the grounds, *first*, that several causes of action are improperly united; and, *secondly*, that the complaint fails to state a cause of action. This appeal is from an order overruling the demurrer.

Counsel for the respective parties signed and filed in this court a stipulation that, with the consent of the court, the original complaint and the petition, "taken together, shall constitute the complaint; that the demurrer be considered a demurrer to the whole complaint so constituted, and the case shall not go off upon the technical point that the petition is not a complaint to which a demurrer will lie; the intention being to present the case squarely on the question whether the action was originally properly brought in equity by one creditor in behalf of himself and all others similarly situated, instead of at law by each creditor separately."

For the appellants, there were separate briefs by *D. Babcock*, his attorney, and *Bashford & Spilde*, of counsel, and oral argument by *Mr. Bashford*.

For the respondents, there was a brief by *Carter & Thomas*, his attorneys, with *Gottlieb Engel*, of counsel, and oral argument by *G. W. Carter*.

For the other plaintiffs, there was a brief by *Shepard & Shepard*, and oral argument by *Chas. E. Shepard*.

LYON, J. Under the stipulation of the respective counsel (and probably without it), the original complaint of *Meyers & Co.*, and the petition of *Heller & Bro.* to be admitted to the benefits of the action, are to be considered as one pleading, the whole of which is reached by the demurrer.

If an action in equity cannot be maintained by these creditors of *Mrs. Rahte*, to charge her separate estate with the payment of their demands, it is clear that the complaint is demurrable for the reason assigned (if for no other), that several and distinct causes of action belonging to different parties are improperly united. If these creditors can maintain actions at law on their respective demands, it is manifest that they have no standing in a court of equity. In that case they must pursue their legal remedy in a separate action on each claim. Whether actions at law can be maintained on these demands, is, therefore, the controlling question on this appeal. By reference to a few decisions of this court, and to certain statutes, this question may be readily solved.

*Conway v. Smith*, 13 Wis., 125, was an action at law against husband and wife on a note given by them for materials used in the construction of a hotel on the lot of the wife. On demurrer by the wife to the complaint, it was held that the statute (R. S. of 1858, ch. 95, sec. 3), which permits a married female to own and hold property to her sole and separate use, and to dispose of the same in the same manner and with like effect as if she were unmarried, includes the power to make all contracts necessary or convenient to the enjoyment of her separate estate; and that such contracts are valid in law, and may be enforced by or against her in legal actions. The rule there laid down has not been disturbed, but has been several times approved in later decisions, and must now be considered as firmly established. *Todd v. Lee*, 15 Wis., 365; *Leonard v. Rogan*, 20 id., 540; *Beard v. Dedolph*, 29 id., 136.

It appears, both from the original complaint and the petition, that when the indebtedness mentioned therein accrued, *Mrs. Rahte* was conducting and carrying on the business, in the prosecution of which she incurred such indebtedness, in her own name, on her own account, and for her own benefit, on the credit of and with her sole and separate property, which she inherited from the estate of her deceased father; that she received, controlled and used the proceeds and profits of such business; and, generally, that she conducted it on her sole and separate account, as if she were unmarried.

*Todd v. Lee*, 15 Wis., 365, which is relied upon by the learned counsel for the plaintiffs to support this action, was an action in equity against a wife, a sole trader, to enforce the collection, out of her separate estate, of debts contracted by her in her business. It was held that the action was properly brought in equity, because at law the capital employed in the business, and the profits of the business, that is, her earnings therein, belonged to her husband; in short, that as to the business and the debts contracted by her therein, she was under the common-law disability of coverture, and hence no action at law in respect thereto could be maintained against her.

This case, in its facts, is very similar to that of *Todd v. Lee;* and the decision in that case would support this action in its present form, had not the law been materially changed since that decision was made. A married woman is now entitled to her earnings by virtue of sec. 2, ch. 155, Laws of 1872. This necessarily comprehends and includes the profits of a business carried on by her with capital which is her sole and separate property, as in the present case; and she may make contracts in respect thereto the same as though she were sole. Such contracts are valid at law, and may be enforced by or against her in legal actions, like other contracts between persons *sui juris*.

It seems very clear, therefore, that the law of 1872 brings

this case within the rule of *Conway v. Smith,* and that the remedy of the plaintiffs, to whom *Mrs. Rahte* became indebted on account of transactions in her business, is at law and not in equity. It follows that the demurrer was well taken, and should have been sustained.

*By the Court.* — Order reversed, and cause remanded for further proceedings.