THE PEOPLE OF THE STATE OF NEW YORK *against* WILHELMINA WILLIAMS.

(Decided April 7th, 1879.)

A married woman cannot bind herself as surety on a recognizance (entered into by her without any benefit arising therefrom to her separate estate) conditioned that the principal therein will appear at a Court of General Sessions to answer any indictment that may be found against him ; at least where she does not in the recognizance bind her separate estate for the performance thereof.

APPLICATION to vacate a forfeited recognizance.

One William Porter was charged before a police justice of the city of New York with having committed a burglary, and was held to bail in the sum of $4000 to appear at the Court of General Sessions and answer any indictment that might be found against him, and gave a recognizance therefor, with the applicant, Wilhelmina Williams, as surety. The recognizance was forfeited, and the surety applied to the general term to have the judgment entered thereon vacated, on the ground that at the time of signing it she was a married woman. The court ordered a reference to take proof as to whether the applicant was a married woman at the time she became bail, and also upon what, if any, pledge, indemnity, promise, or consideration, she entered into such suretyship.

The referee reported that the applicant was a married woman at the time she became bail, and that she entered

into such suretyship upon no pledge, indemnity, or other promise.

*Michael E. Goodheart*, for the applicant.

*Benjamin K. Phelps*, district attorney, for the people.

CHARLES P. DALY, Chief Justice.—The judgment on the recognizance in this case must be discharged. The plaintiff, who gave the recognizance, was at the time of giving it a married woman. Her marriage was proved before the referee by the clergyman who celebrated it, and it is well settled that a married woman cannot be bound by a recognizance, because it is not capable of being estreated. (*Bennet* v. *Wilson*, 3 M. & Selw. p. 1, per Le Blanc, J.; Petersdorf on Bail, 506.) Or, if capable, under the enabling acts, to enter into a recognizance as surety, she can only bind her separate estate, and that she does so must be expressed in the instrument. (*Gosman* v. *Crugie*, 69 N. Y. 87.)

VAN HOESEN, J., concurred.

Judgment vacated.