## LURENA PROPER *vs.* GEORGE H. COBB.

Neither keeping a colt for use, nor buying materials to build a house for herself and husband, is such a carrying on of business by a married woman as to require the filing of a certificate under St. 1862, *c.* 198, in order to protect the colt and materials from attachment for her husband's debts.

TORT by the wife of David H. Proper against a deputy sheriff o recover the value of a colt and some lumber, alleged to be her separate property, and attached by the defendant on a writ against her husband. At the trial in the superior court, before *Brigham,* C. J., it appeared that the colt was bought by the

plaintiff before her marriage, with the intention of raising and keeping it for use; that after marriage she had, with her separate money, bought standing trees, and had them cut down and prepared as building material for the purpose of erecting a house, to be occupied by her and her husband, on land which she intended to purchase; and that neither she nor her husband had ever filed a certificate under St. 1862, *c.* 198. The defendant contended that, no such certificate having been filed, the property was liable to attachment for the debts of the plaintiff's husband, and requested the judge so to rule, but the judge refused to do so. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. C. Spaulding*, for the defendant.

*H. J. Dunham*, for the plaintiff, was not called upon.

CHAPMAN, C. J. The St. of 1862 *c.* 198, requires that "any married woman, now doing business or hereafter proposing to do business on her separate account, shall file a certificate in the clerk's office of the city or town," "setting forth the name of her husband, the nature of the business proposed to be done, and the place where it is to be done, giving the street and number if practicable, and whenever the place of business or the nature of the business is changed, a new certificate" must be filed, otherwise the property employed in such business is subject to attachment by the husband's creditors. The terms of the statute are quite general, and are held to include the use of furniture for keeping a boarding-house. *Chapman* v. *Briggs*, 11 Allen, 546. But they evidently do not include all uses of her property. The use of a horse and carriage by herself, or the purchase of food and stabling for the horse, or the procuring of repairs for the carriage, or the raising and gathering of crops for her own use on her land, or the repair or erection of a dwelling on her land and the purchase of materials for it, or of materials and furniture for the use of herself and family, are not uses of property which come within the contemplation of the statute, and which require the designated certificate for the protection of the property We think it was rightly held that the protection of the colt and the building materials did not require the filing of the certifi cate. *Exceptions overruled.*