LOUISA S. DAWES *vs.* LOUIS RODIER.

Hampden. Sept. 25. — Oct. 21, 1878. AMES & SOULE, JJ., absent.

Where a married woman carries on the business of keeping a boarding-house, the debts due to her for board are a part of the property employed in the business, within the meaning of the St. of 1862, c. 198, § 1; and, if she fails to file the certificate required by that statute, such debts are liable to attachment by the creditors of her husband.

Where a married woman carries on the business of keeping a boarding-house in one town, and there files the certificate required by the St. of 1862, c. 198, § 1, and removes to another town, but neglects to seasonably file a new certificate in the latter town, the debts due to her for board furnished in the former town, although protected, while she resides there, by the first certificate, are liable to attachment by the creditors of her husband after her removal and before the filing of a new certificate.

CONTRACT upon an account annexed for board and lodging from August 17 to November 17, 1877. Writ dated November 24, 1877. The case was submitted to the judgment of the Superior Court upon an agreed statement of facts in substance as follows:

On April 1, 1877, the plaintiff was a married woman, living with her husband, and has continued so to do to the present time. From that date to January 1, 1878, she kept a boarding-house, on her separate account, in the house occupied by her and her husband as their home in West Springfield. On January 1,

1878, she and her husband removed their home to Springfield, and on the same day she removed her business to the new home, and continued to carry it on there until February 1, 1878, and after. In the course of her business, and as a part thereof, she furnished the defendant board and lodging from August 17 to November 17, 1877, for which the defendant was to pay her the sum of $59, and did pay her at sundry times sums aggregating $26, the last payment being made on October 6, 1877. On November 22, 1877, she filed in the clerk's office of West Springfield a certificate substantially in compliance with the St. of 1862, c. 198, § 1, setting forth that she proposed to keep a boarding-house on her separate account, which certificate bore date April 1, 1877. On February 1, 1878, she filed in the clerk's office of Springfield a like certificate, but adapted to the changed location of her business, which last named certificate bore date January 31, 1878. No other certificate was ever filed by her. On November 1, 1877, the debt then owing by the defendant to the plaintiff, amounting to $22.83, on account of board and lodging furnished, was attached by trustee process in an action brought by a creditor of the plaintiff's husband against the husband in a court having jurisdiction of the cause and the parties, in which action this defendant was defaulted and adjudged the trustee of the husband. Execution issued, and on November 21, 1877, the defendant paid thereon the sum of $22.83.

In like manner, on January 19, 1878, the further debt, amounting to $10.17, then owing by the defendant to the plaintiff on account of board and lodging furnished the defendant while the plaintiff was living and carrying on her business in West Springfield, was attached in an action by the same creditor of the plaintiff's husband, in which action the defendant was also defaulted and adjudged the trustee of the husband. Execution issued, and on February 14, 1878, the defendant paid thereon said sum of $10.17.

On the above facts, *Allen*, J., ordered judgment for the plaintiff for $33 ; and reported the case for the determination of this court.

*J. M. Ross*, for the plaintiff.

*J. L. Rice*, for the defendant.

MORTON, J. Under the General Statutes, a married woman might carry on any trade or business in the same manner as if she were sole, and her separate property, employed in or acquired by such trade or business, was not subject to the control of her husband or liable for his debts. Gen. Sts. *c*. 108, §§ 1–3. The St. of 1862, *c*. 198, made important changes as to the rights and liabilities of a married woman who carries on any business on her own account. It provides that "any married woman, now doing or hereafter proposing to do business on her separate account, shall file a certificate in the clerk's office of the city or town where she does or proposes to do said business, setting forth the name of her husband, the nature of the business proposed to be done, and the place where it is to be done, giving the street and number of the place of business, if practicable; and whenever the place of business or the nature of the business is changed, a new certificate shall be filed accordingly. In case no such certificate shall be filed, such married woman shall not be allowed to claim any property employed in said business as against any creditors of her husband, but the same may be attached on mesne process by any such creditor, or taken upon execution, against the husband of said woman." St. 1862, *c*. 198, § 1. It was decided in *Chapman* v. *Briggs*, 11 Allen, 546, that this statute extends to the business of keeping a boarding-house, and that if a married woman carrying on such business neglects to file the certificate therein required, her furniture employed in the business is liable to attachment by the creditors of her husband.

In the case of a married woman carrying on the business of keeping a boarding-house, we are of opinion that the debts of the boarders for board must be deemed to be property employed in the business, within the meaning of the statute. In the case of a business of dealing in merchandise in which it is usual to sell on credit, the outstanding debts would be universally recognized as a part of the capital or property employed in the business. So in the case of the business of keeping a boarding-house, the money or property put into the business may be changed in part into the form of debts due for board, but such outstanding debts remain a part of the capital or property employed in the business.

Applying these considerations to the case at bar, the neces-sary conclusion is, that the plaintiff cannot recover the amount of $22.83 paid by the defendant upon the first execution against the husband of the plaintiff. She carried on the business of keeping a boarding-house in West Springfield, but did not file the certificate required by the statute until November 22, 1877. On November 1, 1877, the debt then owing by the defendant for board was attached by a trustee process brought by a creditor of the husband. At that time, no certificate having been filed, this debt, and all the other property employed in the business, was liable to attachment by the creditors of the husband, and the defendant having been charged as trustee, and having, as he was bound to do, paid the amount of the debt upon the execution against the husband, is not now liable to the plaintiff therefor.

In regard to the sum of $10.17, paid by the defendant after being charged as trustee in the second suit against the plaintiff's husband, the facts are different, but the result is the same. On January 1, 1878, the plaintiff changed her place of business from West Springfield to Springfield, but she neglected to file a certificate in the clerk's office of Springfield until February 1, 1878. On January 19, 1878, the defendant was summoned as the trustee of the husband, he then owing the said sum of $10.17 for board furnished in West Springfield after the certificate was filed in West Springfield. Undoubtedly this debt was exempt from attachment by the creditors of the husband as long as the plaintiff remained in West Springfield. But, upon her removal to Springfield, the statute required her to file a new certificate in that place, and, until such certificate was filed, all her property employed in the business was liable to be attached on mesne process by any creditor of the husband. The mere change in the place of business would not change the character of this debt. It still remained a part of her property employed in the business, and, like the furniture, was liable to be attached by a creditor of the husband until she filed the new certificate in Springfield. It follows that, as the defendant paid this amount upon an execution against the husband, after being lawfully charged as his trustee, the plaintiff cannot now recover it.

*Judgment for the defendant.*