HENRY HARNDEN & another *vs.* SELMA E. GOULD & trustee.

Middlesex. January 27. — March 4, 1879.

If a married woman carries on the business of keeping a boarding-house, and neglects to file the certificate required by the St. of 1862, *c.* 198, § 1, debts due to her for board are liable to attachment by the creditors of her husband.

The St. of 1862, *c.* 198, is not repealed by implication by the St. of 1874, *c.* 184.

TRUSTEE PROCESS. Writ dated July 13, 1878, and returnable to the First District Court of Eastern Middlesex. The case was submitted to the Superior Court, and to this court on appeal on an agreed statement of facts in substance as follows:

The defendant was defaulted. Thomas Appleton, summoned as trustee, answered that, at the time of service upon him, there were no goods, effects or credits of the defendant in his hands or possession. Subsequently, interrogatories were filed to the trustee, and he answered that he had boarded in the family of the defendant since April 1, 1878; that he contracted for such board with Nancy Gould, the wife of the defendant, and

had made all payments to her; that, at the time of service of process upon him, he was owing for board the sum of $85.11; and that Nancy Gould had at various times, both before and after service of the writ, demanded of him the sum due. Nancy Gould appeared and claimed the funds in the hands of the trustee, as disclosed by his answers to the interrogatories filed.

The claimant, at the time the trustee boarded with her, was keeping a boarding-house, her husband and children living with her. The contract for such board was made with her, and both she and her husband treated the business of keeping boarders as her sole and separate business. No certificate had been filed by her, as required by the St. of 1862, c. 198, at the time of the service upon the trustee, and the plaintiff had no knowledge that the claimant was doing business on her separate account.

If, upon these facts, the claimant was entitled to the funds disclosed by the trustee, judgment was to be entered for the claimant, and the trustee discharged; otherwise, for the plaintiff, and the trustee to be charged.

The Superior Court found for the claimant, and ordered the trustee to be discharged; and the plaintiff appealed to this court.

*S. Bancroft*, for the plaintiff.

*A. Cottrell*, for the claimant.

MORTON, J. In *Dawes* v. *Rodier*, 125 Mass. 421, it was held that, if a married woman engages in the business of keeping a boarding-house, and neglects to file the certificate required by the St. of 1862, c. 198, the debts due to her for board are liable to attachment by the creditors of her husband. The question whether the St. of 1862, c. 198, was repealed by the St. of 1874, c. 184, was not raised in that case, but it is necessarily involved in the adjudication. This question is directly presented by the claimant in the case at bar, but we are of opinion that the ground taken by her cannot be maintained.

The St. of 1874 expressly repeals the St. of 1869, c. 409, § 1, and of 1863, c. 165, these statutes bearing upon subjects embraced within the purview of the repealing statute, but it contains no provision repealing the St. of 1862. As the St. of 1862 is not

expressly repealed, the question is whether it is repealed by implication.

The later statute does not revise the whole subject embraced in the previous statutes. Its provisions are limited to the rights of a married woman to convey shares in corporations and real estate, to make contracts, to receive the wages of her work and labor, to sue, and to act as executrix, administratrix, guardian or trustee. It does not include the subject of her rights, liabilities and duties when she carries on business on her separate account. In other words, the later statute contains no provisions affecting the subject provided for in the St. of 1862. Full effect may be given to all its provisions consistently with the continued operation of the St. of 1862. It cannot therefore be held to repeal the previous statute by implication. *Gilson* v. *Emery*, 11 Gray, 430. *McQuade* v. *O'Neil*, 15 Gray, 52.

The necessary result is that, as the claimant failed to file the certificate required by the statute, the debt due to her by the trustee could be attached by a creditor of her husband.

*Trustee charged.*