## LUTHERA J. SNOW vs. WALLACE C. SHELDON.

Hampshire. Sept. 18, 1878. — March 24, 1879. ENDICOTT & SOULE, JJ., absent.

A married woman, who owns a farm and carries it on for the support of her family or her husband's family, is engaged in a "business on her separate account," within the St. of 1862, c. 198, § 1; and, if she fails to file the certificate required by that statute, her personal property used in such business is liable to attachment by the creditors of her husband; and it is immaterial that the produce of the farm is mainly used in the support of her family.

REPLEVIN of a hay-tedder, sled, wagon and mowing-machine. Writ dated April 9, 1877. The defendant, a deputy sheriff, justified under an attachment on January 23, 1877, on a writ in favor of J. A. Palmer, against the husband of the plaintiff.

At the trial in the Superior Court, before *Gardner*, J., it appeared in evidence that previously to October 2, 1872, the plaintiff with her husband and family lived together on a farm in Ware, containing about one hundred and sixty acres; that on that day the farm was conveyed by the husband to Benjamin Hutchinson, who on the same day conveyed it to the plaintiff; that the plaintiff, her husband and family continued to live on the farm after the conveyance, the same as before. The plaintiff testified that her husband worked on the farm and attended to the management of it, the same as he did before the conveyances, except that after the conveyances he acted as her agent, and that the farm was carried on as farms usually were in that locality; that a number of cows and other animals were kept on the farm; that it was necessary to employ help to assist the husband to do the planting, haying, and at times to do the harvesting; that butter was made from the milk of the cows, some of which was exchanged for articles used in the family of the plaintiff and her husband; that the crops raised on the farm were usually fed out to the stock on the farm, except such as were used in the family, although at times a portion of the produce was sold and the money given to the plaintiff; that the plaintiff furnished the pay for the help employed on the farm, and for such articles as were purchased to carry on the farm; that some of the articles replevied were purchased by the husband and afterwards paid for

by the plaintiff, with money furnished the husband by the plaintiff; and that they were used in carrying on the farm.

It also appeared in evidence, that some of the articles described in the replevin writ were included among other articles in a bill of parcels made by the plaintiff's husband to Henry G. Hutchinson on July 15, 1872, which was recorded on October 8, 1872, and in a bill of parcels from Hutchinson to the plaintiff, dated April 12, 1873, which was recorded on October 6, 1873; that such articles were at the time of such bills of parcels upon the farm conveyed by the plaintiff's husband to Benjamin Hutchinson, and remained there and were used in carrying it on from that time to the time of the attachment. The plaintiff testified that she had been in possession of these articles since the date of the bill of parcels; and that no money was paid by her at any time for the property in the deed or bills of parcels.

It was not contended that the conveyance of the farm or the act with reference to the personal property was made in fraud of the creditor Palmer; and it was admitted that his debt accrued against the plaintiff's husband subsequently to the conveyance. It was also admitted that no certificate was filed by the plaintiff, in accordance with the St. of 1862, *c.* 198.

The defendant contended and asked the judge to rule that, no certificate having been filed by the plaintiff as required by the statute, the property replevied was liable to be attached on the writ in favor of Palmer for the debt of the plaintiff's husband. The judge refused so to rule; ruled that no certificate was necessary in order to prevent the attachment of the property on the writ of Palmer against the husband of the plaintiff; and directed a verdict for the plaintiff. The defendant alleged exceptions.

*H. H. Bond,* for the defendant.

*C. Delano,* for the plaintiff.

AMES, J. It appears from the bill of exceptions that the farm, containing about one hundred and sixty acres, was carried on under the management, and generally by the personal labor, of the plaintiff's husband. A number of cows and other animals was kept on the place. Additional laborers were employed to assist in the planting, haymaking and harvesting seasons. The management generally was such as is usual in farms in that

part of the country. It does not appear that the husband had any other occupation, but in all that he did upon the place he was acting as the plaintiff's agent. The farm itself belonged to her, and she claims to be the owner of the animals kept on the place, of the produce of the farm, and of all the tools, implements, and personal property of every kind used in carrying it on. She furnished the pay for the help employed, and for all such articles as were purchased to be used upon the place. And whatever money was obtained from the sale of any of the produce was paid to her. She distinctly contends that the whole of the business was on her separate account.

The only question is whether this business comes within the meaning of the St. of 1862, c. 198, § 1, which requires that a married woman doing business on her separate account, in order to protect her property employed in such business from liability to be attached for her husband's debts, must file with the town clerk the certificate prescribed by that statute. The object of the statute was to afford the means of ascertaining in which of two persons, apparently in the possession and use of property in carrying on any kind of trade or occupation, the title is vested. So that all, having occasion to transact business with either, may regulate their dealings accordingly. Bigelow, C. J., in *Chapman* v. *Briggs*, 11 Allen, 546. It has been decided that this provision of the statute applies to personal property only. *Bancroft* v. *Curtis*, 108 Mass. 47. The certificate should set forth the name of the husband, the nature of the business proposed to be done, and the place where it is to be done, "giving the street and number of the place of business if practicable." We do not understand that this statute is to be restricted in its application to cases in which a married woman goes into business as a trader in the ordinary sense of the word, or manufactures goods for sale, or keeps a boarding-house, but that agriculture may be one of those occupations in which she may do business on her separate account within the meaning of the statute. If it is an occupation by which she supports herself and her family, and is carried on with her funds, and with implements and means belonging to her, it is immaterial that the produce is mainly consumed in her family, and that a small part of it only is raised to be sold.

The case of *Proper* v. *Cobb*, 104 Mass. 589, which is cited by the plaintiff, does not conflict with our view of the case at bar. There may be partial uses of land belonging to a married woman on so small and trivial a scale as not to come within the description of a separate business within the meaning of the statute, and cases might be imagined presenting some ambiguity in regard to its application. We go no farther on this occasion than to say, that where a married woman carries on a farm for the support of her family, or her husband's family, she is following a separate business, which requires the designated certificate for the protection of the personal property employed in it from liability to the husband's debts. *Chapman* v. *Foster*, 6 Allen, 136. *Feran* v. *Rudolphsen*, 106 Mass. 471.

As the jury were instructed to find for the plaintiff, on the ground that no certificate was necessary to protect the property from attachment by a creditor of her husband, a new trial must be ordered. *Exceptions sustained.*