### MARY A. CHAPIN *vs.* DANIEL E. KINGSBURY.

Hampshire.    Sept. 18. — Oct. 1, 1883.    FIELD & W. ALLEN, JJ., absent.

The recording, in the town clerk's office, of the certificate of a married woman doing business on her separate account, is not a compliance with the St. of 1862, c. 198, requiring the woman to "file" such certificate, if, after being recorded, the certificate is not kept in the clerk's office.

REPLEVIN of certain personal property, attached by the defendant, a deputy sheriff, on a writ against the plaintiff's husband.    At the trial in the Superior Court, before *Rockwell*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.    The facts appear in the opinion.

*R. O. Dwight*, for the defendant.

*W. H. Brooks*, for the plaintiff.

MORTON, C. J.    It is provided by the St. of 1862, c. 198, § 1, that " any married woman, now doing or hereafter proposing to do business on her separate account, shall file a certificate in the clerk's office of the city or town where she does or proposes to do said business, setting forth the name of her husband, the nature of the business proposed to be done, and the place where it is to be done, giving the street and number of the place of business if practicable; " and " in case no such certificate shall be filed, such married woman shall not be allowed to claim any property employed in said business as against any creditors of her husband, but the same may be attached on mesne process by any such creditor, or taken upon execution, against the husband

of said woman." This statute applies to the business of carrying on a farm, the business in which the plaintiff, in this case was engaged. *Snow* v. *Sheldon*, 126 Mass. 332.

In the case at bar, the plaintiff, on August 19, 1879, took to the town clerk a certificate to be recorded, and, as she testified, "immediately after said paper had been recorded by the town clerk, it was returned to her, and had remained ever since in her possession." We are of opinion that this was not a compliance with the statute. The object of the statute is to give notice to persons dealing with the husband or wife, and to afford them the means of ascertaining whether the business carried on is that of the husband or of the wife. The direction that the certificate shall be filed in the clerk's office imports that it is to be placed permanently on the files of the clerk, so that any person interested may refer to it. Recording it is not equivalent to filing it. The statute contains no provision for recording such certificates. Any person interested would naturally look to the files of the clerk to see if any certificate had been filed; he is not required to examine the town records for a copy of a certificate which has no proper place there.

It is proper to add, that by recent statutes, passed after the rights of the parties in this suit were fixed, the law has been changed. Instead of being filed, such certificates are now to be recorded in books kept for the purpose in the clerk's office. St. 1881, *c.* 64. Pub. Sts. *c.* 147, §§ 11, 12.

As the plaintiff failed to file the certificate, as required by statute, it follows that the personal property employed in carrying on her business was liable to be attached by creditors of her husband. This being conclusive against her right to maintain this action, it is not necessary to consider the question whether the certificate was in other respects sufficient, or to discuss the other rulings excepted to.

The plaintiff contends that the bill of exceptions does not show that the plaintiff in the suit upon which the defendant attached her property was a creditor of her husband. This question was not raised in the court below, and is not open to the plaintiff upon this bill of exceptions.

*Exceptions sustained.*