## BENJAMIN BROWN v. JACOB KNAPP, TREASURER.

*Right to inspect public records.*

Mandamus lies to compel a county treasurer to permit the inspection of liquor bonds filed in his office.

Mandamus. Submitted June 10. Granted June 11.

*Henry A. Chaney* for relator.

*Densmore J. Cramer* for respondent.

SHERWOOD, J. The papers presented in this case show a most extraordinary proceeding on the part of the county treasurer. A member of the board of review of Ann Arbor,—who had been for the two previous years a supervisor in Washtenaw county,—on application to that officer for permission to inspect a liquor bond, is denied the privilege on the ground that the treasurer regards it as unnecessary for the purpose stated by the petitioner. It is not pretended that such purpose is an unlawful one, or that the request was not respectfully made.

The county treasurer holds a public office, and the statute requires the liquor bonds to be filed therein and to be kept by the treasurer. They thereby become public records, and as such may be examined and copies taken thereof, if desired, by any citizen. How. Stat. § 9347. There are many and very good reasons why citizens may and should have this right: 1st, as a citizen, to hold the board, whose duty it is to approve the bond, to public accountability for accepting insufficient bonds; 2d, to prosecute sureties criminally when they have falsely sworn to responsibility; 3d, to see if there is any sufficient security for any citizen, widow, child or parent who may have a right of action for violations of the license law (which frequently occur) against the liquor-seller and his sureties, and to see that they are not forged; 4th, as assessor

or other tax officer, who may desire to compel parties who may have property, according to their oaths given on justification, to pay their share of the taxes; and for many other purposes which readily occur to any one who has given any attention to the subject.

It is no answer to say that the time has gone by for performing the official act by the person desiring the information sought, or that the purpose intended, in the judgment of the respondent, is not a commendable or proper one, so long as it is not criminal, when the inspection is desired. The law does not vest in the treasurer any such discretionary power to deprive the citizen of a substantial right given by the statute,—one in which he may have large pecuniary interests, and of which he may be deprived if the action of the treasurer in this case can be sustained, and the most beneficial object of the act under which the bond is given defeated.

City boards and other officers, whose duty it is to approve of these bonds, are held to a great extent to responsibility in taking proper security in this class of cases by a just public opinion, from which they cannot be permitted to shield themselves in the course pursued by this respondent. The real purpose of the statute is that perfectly safe bonds shall be taken for the protection of all parties, and this purpose must not be defeated by proceedings of the sort complained of in this case.

We are all of the opinion that the action taken by the treasurer in this case can find no support in law or right, and should not be sustained. If authority were needed upon the construction of the statute as we have given it, it will be found in *Ferry v. Williams* 41 N. J. L. 332: 19 Am. L. Reg. 154, which we fully approve. The request of the petitioner was a reasonable one, and it was the duty of the officer to comply with it when made.

The writ of mandamus must be granted as prayed, with costs against the respondent.

The other Justices concurred.