## ELLEN LOCKWOOD *vs.* CHARLES COREY.

Bristol.    October 23, 1889. — November 11, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Married Woman — Business Certificate — Property employed in the Business.*

A married woman, who besides other labor for the support of her family kept a few boarders, bought a sow, with a view to its natural increase and to its consuming the waste of the table, and thus fed the animal and her successive litters of pigs, which she offered for sale and sold. *Held,* that she was not engaged in the business of raising pigs, and that they were not property employed in the business of keeping boarders, so that her failure to file the certificate required by the Pub. Sts. c. 147, § 11, would expose them to attachment by creditors of her husband.

TORT for the conversion of a litter of pigs. At the trial in the Superior Court, before *Dunbar,* J., it appeared in evidence that the defendant, a deputy sheriff, attached the pigs as the property of John Lockwood, the husband of the plaintiff, in an action brought against him by a creditor of his.

The plaintiff testified that there were ten in her family, including five children, all minors, her husband and herself; that she kept three boarders, who paid her in all eleven and a half dollars per week; that she sometimes had as many as five boarders; that she paid the rent monthly and bought everything for the house; that she took in washing and plain sewing; that her husband did not buy a thing for the house, and if he earned any money she did not know what he did with it; that she wished to keep a sow for the purpose of raising pigs, because she had a large family and made a good deal of waste; that she purchased a sow in September, 1887, which she knew was with pigs, for that purpose; that the sow had one litter in the November following of seven pigs, all of which she sold; that in the April following the sow had the litter in question, which were worth five dollars apiece, and which, when they were six weeks old, she advertised in the Taunton Daily Gazette for sale, as follows: " For Sale, — and I have got them, one of the nicest of a nice litter of pigs at Mrs. Lockwood's, 69 Bay St."; and the attachment followed.

It was admitted that the plaintiff had recorded no married woman's certificate stating that she was doing business on separate account, in accordance with the Pub. Sts. c. 147, § 11.

The defendant contended, and asked the judge to rule, that, no such certificate having been recorded, the plaintiff's property would not be exempt from attachment for a debt of her husband; but the judge refused so to rule, and ruled that no certificate was necessary.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*L. N. Francis*, for the defendant.

*H. J. Fuller*, for the plaintiff.

DEVENS, J. Under the St. of 1862, c. 198, substantially embodied in the Pub. Sts. c. 147, § 11, requiring a married woman, doing business on her separate account, to file a certificate, etc., in order to prevent "the property employed in such business" from being subject to attachment as the property of the husband, it is clear that all uses of her own property by the wife do not expose it to this danger. Where the act done by the wife is in the nature of an investment of property, even if it be made with a view to profit therefrom, it cannot be considered doing business within the meaning of the statute. It has been decided that the property employed in carrying on a farm or boarding-house, and the debts which thus become due her, are subject to attachment as the property of the husband. *Chapman* v. *Briggs*, 11 Allen, 546. *Dawes* v. *Rodier*, 125 Mass. 421. *Snow* v. *Sheldon*, 126 Mass. 332. On the other hand, the ownership of a horse and purchase of food and stabling for it, the purchase of provisions for herself and family, or of materials for a house on her own land, are not uses of property which require the certificate for its protection. *Proper* v. *Cobb*, 104 Mass. 589. *Wheeler* v. *Raymond*, 130 Mass. 247.

In the case at bar, the plaintiff had purchased a sow with a view to its natural increase. While, in addition to the other labors by which she sought to support her family, she kept three boarders, it could not be considered property used for this purpose, nor did it become so even if the waste of the table, which might aid in providing food for the animal and its progeny, was somewhat larger on that account. It was in the nature of a

profitable investment of the savings she had made, or might make, in the business she was pursuing, and not "property employed in such business."

Nor even if the raising of pigs may of itself sometimes be properly termed a business, as the defendant suggests, could the purchase and ownership of a single animal for this purpose, under the circumstances stated, fairly be deemed to be doing a business within the meaning of the statute.

*Exceptions overruled.*