Allread, J.
The plaintiff seeks to compel the defendant, as mayor of -the city of Greenville, Ohio, to permit -him to inspect or take a copy of a certain petition under the Brannock Law, presented to and filed with said mayor. He avers that he is a signer of the petition, a resident -and elector in the local option district, and that an election has been ordered and is now pending. That at the time of his signing the petition he offered his opinion of a defect in the boundaries of the district, and advised an amendment; that at a reasonable time and when the mayor was not engaged in any .other official or private business he demanded an inspection of said document or permission to take a copy for the purpose of ascertaining whether said document had been amended, and for other lawful purposes. The defendant refused inspection, and, according to plaintiff’s petition, stated that it would be permitted at no future time. . He thereupon asks that an inspection and permission to take a copy be awarded to him by an order in the nature of a writ of mandamus or mandatory injunction and for all other proper relief. The cause is presented on demurrer to the petition. The questions briefly stated, are:
1. Is the plaintiff in his capacity as petitioner, citizen and elector of the local option district, entitled to an inspection of the petition after its being filed with the mayor 1
2. And if so, what is his remedy for a -denial of the right ?
The plaintiff claims that a petition under the Brannock Law, when filed with the mayor, becomes a public document open to inspection to citizens and electors of the district affected, and particularly so as to a signer.
The Beal Law (Section 4364-20&) expressly provides that the petition there provided for shall be filed as a public document and preserved for reference- and inspection. No such provision is found in the Brannock Law, and it is argued that the omission shows an intention of the Legislature not to require the document to be made public.
There is no' general statute found in this state requiring all public records kept open for inspection.
*181 In certain instances (notably the Beal Law petitions and records of births and deaths in the probate' court), such express provision is found, but it does not follow that as to all other records no public inspection can be enforced.
The determination as to whether the Brannock Law petition is a public document must be concluded from the terms of the act in the light of settled judicial precedents.
It was the doctrine of the common law, firmly established, that a corporator, i. e., a member of a municipal corporation, is entitled to an inspection of all public records and documents in the hands of its officers. The principle upon which the law was founded is that the officers are merely trustees, while the corporators are the real parties in interest, and as such have a right to inspect the proceedings of their trustees.
The common law in this respect has been adopted by the American states and enlarged to meet the conditions of popular government (Wells v. Lewis, Auditor, 12 O. D., 170; Brown v. Knapp, Treasurer, 54 Mich., 132; Ferry v. Williams, 41 N. J. L., 332; Boylan v. Warren, 39 Kansas, 301; State, ex rel, v. King, Auditor, 154 Ind., 621; State, ex rel, v. Williams, Mayor, 110 Tenn., 549; Re William H. Caswell [R. I.] 27 L. R. A., 82; Gleaves v. Terry, Secretary, 93 Virginia, 491 [34 L. R. A., 144]; State, ex rel, v. Hoblilzelle, 85 Missouri, 620; Burton v. Tuite, 78 Michigan, 363; People v. Vail, 2 Cowen, 623),
In the New Jersey case cited, the letters of recommendation upon which a liquor license was issued, was held to be a public document, and open to inspection to any citizen of the corporation.
In the case in 54 Michigan liquor bonds on file with the county treasurer were held to be public documents and subject to public inspection.
In the Virginia case (34 L. R. A.), the-record of the electoral board relating to the appointment and removal of judges' and registrars of election was held to be open to public inspection. A distinction was observed in this case between so much of their record and documents where secrecy was expressly enjoined and where it was not, holding the latter public.
*182 In the Missouri case it was held that registration and poll lists are open to public inspection to any citizen.
In the ease from Cowen, it was held that the petition of freeholders for a highway was a public document and open for inspection to any inhabitant of the town.
Dillon on Municipal Corporations, Section 848, says:
“In this country the records, books-and by-laws of a municipal corporation are of a public nature and if such corporation should refuse to give inspection thereof to any persons having an interest therein, or perhaps for any purpose to any inhabitant of the corporation, whether he has any special interest or not, a writ of mandamus will lie to command the corporation to allow such inspection and copies to be taken under reasonable precautions to secure the original.”
High on Extraordinary Legal Remedies, Section 330, is to the same effect.
It is claimed by counsel for the defendant that this document has no place in the public records or files of the office, but is-solely for the information of the mayor, and as a basis for his ordering an election. But no such deduction can be fairly drawn from the. terms of the act. The right to an election in the district depends upon the fact of forty per cent, of the qualified electors of the residence district having petitioned for the election. A petition implies that it is writing, and the act fairly construed requires the mayor upon receiving the petition to file it among the records and documents of his office. The term “file” has a popular and fixed signification when used in connection with a public office. It meant at common law a thread, string or wire on which writs and other exhibits in courts and offices were fastened or filed for safekeeping and for ready references (13 Am. & Eng. Ency. of Law, page 13).
In Chapin v. Kingsbury, 135 Mass., 580, it is said that a direction that a certain certificate “shall be filed in the clerk’s office imports that it is to be placed permanently on the files of the clerk so that any person interested may refer to it.”
It is claimed that public policy would be better subserved by holding the petition secret, but that is for the Legislature and not for the courts.
*183 When a petition is presented to a public officer and made the basis of an election and is required to be filed, in the absence of an express provision to the contrary it is a public document. •
It is also claimed that the plaintiff has no such an interest in this document as entitles him to apply to the courts for an order for its inspection.
. On this subject the courts are divided. At common law a special interest was required to be shown.
High on Extraordinary Legal Remedies, Section 330, says it is essential that the relator show some special interest in the records which he desires to inspect.
Dillon on Municipal Corporations, Section 848, intimates that a municipal corporation has no right to refuse an inspection of its books to an inhabitant of the corporation when demanded for any purpose.
In the ease of State, ex rel, v. Hoblitzelle, supra, it was stated with much force in a case where the inspection of election documents was sought that the fact of citizenship alone conferred the right to apply for the writ.
In State, ex rel, v. King, Auditor, supra, on page 626, the right of inspection of records relating to disbursements of funds was awarded to a citizen.
In the case of Wells v. Lewis, Auditor, the right of inspection of financial exhibits and records was awarded not only to a taxpayer, but to a citizen whose purpose was for public discussion and to advance his candidacy for an office. To the same effect are Ferry v. Williams, supra; Burton v. Tuite, supra; State, ex rel, v. Williams, supra.
The petition avers that the petitioner desires to inspect the petition to ascertain whether it has been changed, and for other lawful purposes. At common law the purpose of the inspection was required to be shown. But while there is no statute extending or defining the common law right, yet the authorities justify the conclusion that the plaintiff has a right to inspect the petition, which is the basis of an election now pending: (1), Because he is a citizen and elector in the local option district; (2), Because he is a petitioner. A citizen and elector is interested in the cost of the election, in the fact that an election is pending, *184 and in its results. Pie lias a vote; has the right of contest, or if some one else contests, he may defend the election. Upon all ■these subjects his right to be informed is important. The fact of his being a petitioner, in a qualified sense a party, gives emphasis to his right of inspection.
Fdwin C. Wright and 0. B. Krickenberger, for plaintiff,
S. V. Hartman, for defendant.
This brings us to the question of procedure. In most states maoidamus is held to be an appropriate remedy when a public right is involved.
In our state, however, the writ of mandamus is only allowed ■against a public officer to command the performance of an act which the law specially enjoins as a duty resulting from an office trust or station (Selby, Auditor, v. State, ex rel, 63 O. S., 543; State v. Smith, 71 O. S., 13-38; 26 Am. & Eng. Ency. of Law, page 956).
The right must be clear and does not exist where there' is ao complete remedy at law or equity (The Cincinnati Volksblatt Co. v. Hoffmeister, 62 O. S., 189; Fraternal Mystic Circle v. State, 61 O. S., 628).
In the eases last cited it was held that the proper remedy for a member of a private corporation to obtain an inspection of the books and records is injunction and not mandamus.
The right of a member of a public corporation to an inspection of its records is founded upon the same principle, and these eases therefore establish the remedy to be mandatory injunction (26 Am. & Eng. Enc. of Law, page 956).
It is claimed that the inspection is to be employed for an unlawful or improper purpose or for mere idle curiosity, or at an improper time, and that the writ may be refused upon that ground. But this motive will not be presumed, and as it does not appear from the petition, such purpose, if claimed to exist, must be made out by answer.
The demurrer is overruled.